Carol A. Edmunds
16802 Dunbar Grove
Sugar Land, TX 77498
(832) 368-0332
Caedmunds44@gmail.com

June 17, 2016

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 20 2016

Abel Acosta, Clerk

**_Via CMRRR# 7014 1200 0001 2110 7043_**
Court of Criminal Appeals
Supreme Court Building
P.O. Box 12308
201 West 14th Street, Room 106
Austin, TX 78701

Re:   Case No. WR-43,995-04;

Dear Sir or Madam:

Enclosed please find the following documents to be filed in the above-referenced cause of action:

1.    Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 with attachment - Exhibit 1 with Exhibits A-G
2.    Applicant's Affidavit of Truth and Memorandum of Authorities in Support of His 11.07 §4 (a)(1), (2) (c) Subsequent Writ of Habeas Corpus
3.    Applicant's Motion Requesting Judicial Notice and Opportunity to Be Heard and Notice with Proposed Order
4.    Applicant's Preposed Designation of Issues To be Resolved with Proposed Order
5.    Applicant's Motion for Bench Warrant with Proposed Order
6.    Applicant's Preposed Findings of Facts and Conclusions of Law with Proposed Order

Please note that these documents were filed with the Brazos County Clerk in the Underlying Cause of Action; 24,900-85; _State of Texas vs. Louis Talbert_ and I have attached a file-stamped copy of the cover letter.

I am filing these documents on behalf of Mr. Talbert who is incarcerated at the Wynne Unit in Huntsville, Texas. Please file stamp this letter and return same to me in the enclosed, self-address, stamped envelope indicating your receipt of this entire packet.

Should you have any questions or need anything further please feel free to contact me.

Yours truly,

Carol A. Edmunds

Carol A. Edmunds

CE:ss
Enclosures

Cc:   Louis D. Talbert
No. 805926
Wynne Unit
810 FM 2821
Huntsville, TX 77349

Brazos County District Attorney's Office (w/enclosures)
Att: Kevin Capps – Assistant District Attorney
300 E. 26th Street
Bryan, Texas 77803

Bruce Errat (w/enclosures)
Attorney at Law
118 S. Main Street
Bryan, Texas 77803

Louis D. Talbert
No. 805926
Wynne Unit
810 FM 2821
Huntsville, Tx. 77349

May _31_, 2016

Marc Hamlin
Brazos County District Clerk's Office
300 E. 26th St.
Bryan, Texas 77803

Re: Proof of Filing and Certification

Dear Sir/Madam,

Presented to you by the hand of Ms. Carol A.
Edmunds for filing in Cause No. 24,900-85 in the 85th
District Court, is Applicant's Application for Writ of
Habeas Corpus, pages 1-18 with attached Exhibit No.
1 [Carol Edmunds Affidavit with Exh. A, B, C, D, E, F,
and G]; Affidavit of Truth and Memorandum of
Authorities in support of his Supsequent Writ pursuant
to 11.07 § 4(a)(1),(2)(c), pages 1-36; Motion For Judicial
Notice persuant to Rules 201(b)(1)(2), and (c)(2), and (e),

page 1 of 2.


DC FILED
At ___ o'clock ___ M
MAY 31 2016
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By ___ Deputy

also 204(b)(2) and (c)(2), pages 1-16; Preposed Designation of Issues, pages 1-7; Motion for Bench Warrant, pages 1-4; and Preposed Findings of Facts and Conclusions of Law, pages 1-15.

Applicant request the District Clerk to file date stamp and verify by signing the copies of the above-named documents for Applicant's record and proof of filing. Applicant also request this letter to be filed.

Respectfully Requested,

Louis D. Talbert
No. 805926
Wynne Unit
810 FM 2821
Huntsville, Tx 77349

cc: file

Documents to be filed in Case No. 24,900-85;May 31, 2016



DC FILED
At_____o'clock_____M
MAY 3 1 2016
MARIO HAMLIN, DIST CLERK
Brazos County, Texas
By_____Deputy

1.  Cover letter

2.  Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07

    Exhibit 1 with Exhibits A-G

3.  Applicant's Affidavit of Truth and Memorandum of Authorities in Support of His 11.07 §4 (a)(1), (2) (c) Subsequent Writ of Habeas Corpus

4.  Applicant's Motion Requesting Judicial Notice and Opportunity to Be Heard and Notice

    Proposed Order included

5.  Applicant's Preposed Designation of Issues To be Resolved

    Proposed Order included

6.  Applicant's Motion for Bench Warrant and Proposed Order

7.  Applicant's Preposed Findings of Facts and Conclusions of Law

    Proposed Order Inlcued

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Louis D. Talbert

DATE OF BIRTH: 7/10/67

PLACE OF CONFINEMENT: Wynne Unit – Huntsville, Tx.

TDCJ-CID NUMBER: 805926    SID NUMBER: 03874965

(1)  This application concerns (check all that apply):

☒ a conviction                ☐ parole

☐ a sentence                  ☐ mandatory supervision

☐ time credit                 ☐ out-of-time appeal or petition for
                                 discretionary review

(2)  What district court entered the judgment of the conviction you want relief from?
     (Include the court number and county.)

   85th District Court of Brazos County, Tx.

(3)  What was the case number in the trial court?

   Cause No. 24-900-85

(4)  What was the name of the trial judge?

   The Honorable Stewart Wells (visiting judge)

Effective: January 1, 2014                1

Rev. 01/14/14

(5) **Were you represented by counsel? If yes, provide the attorney's name:**

Lydia Clay-Jackson

(6) **What was the date that the judgment was entered?**

August 29, 1997

(7) **For what offense were you convicted and what was the sentence?**

Aggravated Robbery / 50 yr sentence

(8) **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

N.A.

(9) **What was the plea you entered? (Check one.)**

☐ guilty-open plea      ☐ guilty-plea bargain
☒ not guilty      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:
N.A.

(10) **What kind of trial did you have?**

☐ no jury        ☒ jury for guilt and punishment
                      ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

Punishment

(12) Did you appeal from the judgment of conviction?

☑ yes                              ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? First Court of Appeals

(B) What was the case number? 1-97-01108-CV

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

Bruce Erratt

(D) What was the decision and the date of the decision? Affirmed 12/30/98

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                              ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? N.A.

(B) What was the decision and the date of the decision? N.A.

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes                              ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? 43,995-01

3

Rev. 01/14/14

**(B)** What was the decision and the date of the decision? __Denied – 2/16/00__

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

I did not have the evidence because I was never served an indictment and my attorney told me I had been indicted, but did not provide me a copy.

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☒ no

If you answered yes, please provide the name of the court and the case number:

__N.A.__

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☐ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? __N.A.__

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

__N.A.__

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

_____

_____

_____

_____

_____

(17)    Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:**

The indictments are not valid, the trial court did not have jurisdiction, and therefore the conviction is void.

**FACTS SUPPORTING GROUND ONE:**

Constitutional error within the process by which the charging instrument was generated violated Applicants fundamental right to be charged by a valid indictment presented by a grand jury where the initial and both reindictments are not signed by the foreman of the grand jury, does not conclude with, "Against The Peace And Dignity Of The State," the originals were improperly substituted, they are improperly amended, forged signatures, two different indictments filed simultaneously, no evidence of additional pages to indictments, and the absence of the District Clerks certification that the indictments were actually returned by a grand jury. Moreover, where the District

6

Clerk did not serve Applicant with a copy of the Indictment as required by Art. 25.01 of the Tex. Cal. Crim. Proc., impeded any objection to the form or Jurisdictional defects causing Applicant to be tried by a court not having Jurisdiction over the Applicant nor the subject matter rendering the Judgment void. (See Exhibit No.1 with Attachments A thru G, attached hereto as Carol Edmunds Affidavit with "certified indictments" from the District Clerks Office). Wherefore, Applicant is entitled to the dismissal of this case against him by operation of law. (See Applicant's Affidavit Of Truth and Memorandum of Authorities In Support of His Subsequent Writ, pages 1-36)

7

Rev. 01/14/14

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

Rev. 01/14/14

Rev. 01/14/14

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10

Rev. 01/14/14

11

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF _____, 20____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I, __Louis D. Talbert_____, am the applicant / petitioner (circle one) and being presently incarcerated in __Wynne Unit (TDCJ-ID)____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____.

Signature of (Applicant) Petitioner (circle one)

17

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: Louis O. Talbert #805926

Address: Wynne Unit

810 FM 2821

Huntsville, Tx. 77349

Telephone: N.A.

Fax: N.A.

Signed on _____, 20___.

_____
Signature of Petitioner

18

Rev. 01/14/14

# EXHIBIT NO. 1

# (including Exhibits A thru G)

## To

# Application for Writ of Habeas Corpus Seeking Relief from Felony Conviction Under Code of Criminal Procedure, Article 11.07

## AFFIDAVIT OF CAROL EDMUNDS

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared CAROL EDMUNDS, a person personally known to me and upon oath administered by me stated as follows:

1.    "My name is CAROL EDMUNDS. I am over the age of twenty-one, and of sound mind, and am fully competent to testify to the matters stated herein. This Affidavit is given based upon my personal knowledge.

2.    On April 10, 2012 I traveled to the Brazos District Clerk's Office in Bryan, Texas and reviewed the court's original file in the case of *The State of Texas v. Louis D. Talbert*, Cause No. 24,900-85; In the District Court of Brazos County, Texas, 85th Judicial District.

3.    Upon my review of the file I found several indictments and re-indictments, certified copies of which are attached hereto as Exhibit A (2 pages), Exhibit B (1 page), Exhibit C (1 page), Exhibit D (1 page), Exhibit E (1 page) and Exhibit F (2 pages).

4.    I also had copied the Findings of Fact and Conclusions of Law (6 pages), which was signed by Judge Langley on December 3, 1999, attached hereto as Exhibit G.

Further, Affiant sayeth not."

_____
CAROL EDMUNDS

SUBSCRIBED AND SWORN TO BEFORE ME by the said CAROL EDMUNDS on this the _____ day of December, 2012.

TERESA E MILLESON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
FEB. 17, 2015

_____
Notary Public In And For
THE STATE OF TEXAS

Race B     Sex M
Age 29
Dob 7/18/67
Ht 6' 1"   Wt 188
Hair BLK   Eyes BRO

Warrant CID 31146
DA Complaint# 18815
Mdt 71422 Main Off 298308   60C

FILED
At ____ o'clock ____ M
APR 10 1997
MARC HAMLIN, DIST CLERK
Brazos County Texas
By _____ DA

THE STATE OF TEXAS

VS.

LOUIS DONELL TALBERT

Cause No. __24,900-85 Reindictment__
Charge AGGRAVATED ROBBERY X3

Justice Court No. _____

Agency CSPD

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the _____ April _____ Term, 19 __97__ . of the 85th/272nd/361st District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one    LOUIS DONELL TALBERT

hereinafter referred to as the Defendant, heretofore on or about _____ November 11, 1996 _____ , did

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place JOYCE SANDERS in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place THOMAS KELLEY in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT THREE and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain

control of said property, threaten and place HARRY ZARAGOZA in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

ENHANCEMENT PARAGRAPH ONE and it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said LOUIS DONELL TALBERT on the 2nd day of September 1987 in the 351st District Court of Harris County Texas in cause number 475488 the said LOUIS DONELL TALBERT was convicted of a felony, to-wit: Burglary of a Habitation and the said conviction became final prior to the commission of the aforesaid offense,

I, District Clerk of Brazos County, Texas, do hereby certify that the foregoing is a true and correct copy of the original indictment presented by the Grand Jury, and now on file in said Court.
Given under my hand and seal of said Court at my office in Bryan _____

WITNESS:

_____
District Clerk, Brazos County, Texas

By _____ Deputy



EXHIBIT A

Ht  6' 1"  Wt  180
Hair  BLK  Eyes  BRO

APR 10 1997

THE STATE OF TEXAS

VS.

LOUIS DONELL TALBERT

Warrant CID 51146
DA Complaint# 10015
Book# 71422 Main Off 290300  GOC
Cause No. __24,900-85 Reindictment__
Charge AGGRAVATED ROBBERY X3

Justice Court No. _____
Agency CSPD

FEB 27 1997

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the ____April____ Term, 19 __97__ , of the 85th/272nd/361st, District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one      LOUIS DONELL TALBERT

hereinafter referred to as the Defendant, heretofore on or about ____November 11, 1996____ , did

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place JOYCE SANDERS in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did.

AGAINST THE PEACE AND DIGNITY OF THE STATE.
Grand Jury Witness:

_Merril Green_
Foreman of the Grand Jury

INDICTMENT - ORIGINAL.

THE STATE OF TEXAS, COUNTY OF BRAZOS
I,Marc Hamlin, Clerk of the District of Brazos County, Texas,
do hereby certify that the foregoing is a true and correct copy
of the original; this certification reflects that the SSNs have been
redacted in Cause No. 24 10085
ATTEST: Marc Hamlin
MARC HAMLIN, District Clerk, Brazos County, Texas
By: _____ Deputy

Race B    Sex M
Age 29
Doc 7/10/67
Ht 6' 1" Wt 180
Hair BLK   Eyes BRO

APR 10 1997

THE STATE OF TEXAS

VS.

LOUIS DONELL TALBERT

Warrant CID 51146
DA Complaint# 10015
Book# 71422 Main Off 290300   GOC
Cause No. ___24,900-85 Reindictment___
Charge AGGRAVATED ROBBERY X3

Justice Court No. _____
Agency CSPD

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the ___April___ Term, 19__97__, of the 85th/272nd/361st District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one    LOUIS DONELL TALBERT

hereinafter referred to as the Defendant, heretofore on or about ___November 11, 1996___ , did

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place JOYCE SANDERS in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place THOMAS KELLEY in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT THREE and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain

control of said property, threaten and place HARRY ZARAGOZA in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

ENHANCEMENT PARAGRAPH ONE and it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said LOUIS DONELL TALBERT on the 2nd day of September 1987 in the 351st District Court of Harris County Texas in cause number 475485 the said LOUIS DONELL TALBERT was convicted of a felony, to-wit: Burglary of a Habitation and the said conviction became final prior to the commission



EXHIBIT B

THE STATE OF TEXAS, COUNTY OF BRAZOS
I,Marc Hamlin, Clerk of the District of Brazos County, Texas,
do hereby certify that the foregoing is a true and correct copy
of the original; this certification reflects that the SSNs have been
redacted in Cause No. 24-90085
ATTEST: Marc Hamlin
MARC HAMLIN, District Clerk, Brazos County, Texas
By _____, Deputy

Race B    Sex M
Age 29
Dob 7/19/67
Ht 6'1"  Wt 188
Hair BLK  Eyes BRO

FILED

APR 10 1997

MARC HAMLIN, DIST CLERK
By _____ Texas
DATE _____

THE STATE OF TEXAS

VS.

LOUIS DONELL TALBERT

Warrant CID 51146
DA Complaint# 18015
Booke 71422 Main Off 290398   GOC
Cause No.  24,900-85 Reindictment
Charge AGGRAVATED ROBBERY X3

Justice Court No. _____
Agency CSPD

---

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the _____ April _____ Term, 19 __97__,
of the 85th/272nd/361st District Court of said County, in said Court, at said term, do present that in the County of Brazos and State
of Texas one             LOUIS DONELL TALBERT

hereinafter referred to as the Defendant, heretofore on or about_____ November 11, 1996 _____, did

then and there intentionally and knowingly, while in the course of
committing theft of property and with intent to obtain and maintain
control of said property, threaten and place JOYCE SANDERS in fear of
imminent bodily injury and death, and the defendant did then and there
use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the
said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on
or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of
committing theft of property and with intent to obtain and maintain
control of said property, threaten and place THOMAS KELLEY in fear of
imminent bodily injury and death, and the defendant did then and there
use and exhibit a deadly weapon to-wit: a firearm

COUNT THREE and it is further presented in and to said Court, that the
said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on
or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of
committing theft of property and with intent to obtain and maintain

control of said property, threaten and place HARRY ZARAGOZA in fear of
imminent bodily injury and death, and the defendant did then and there
use and exhibit a deadly weapon to-wit: a firearm

ENHANCEMENT PARAGRAPH ONE and it is further presented in and to said
Court that prior to the commission of the aforesaid offense by the said
LOUIS DONELL TALBERT on the 2nd day of September 1987 in the 351st
District Court of Harris County Texas in cause number 475488 the said
LOUIS DONELL TALBERT was convicted of a felony, to-wit: Burglary of a
Habitation and the said conviction became final prior to the commission
of the aforesaid offense,

I, District Clerk of Brazos County, Texas, do hereby certify that the foregoing is a true and correct copy
of the original Indictment presented by the Grand Jury, and now on file in said Court.
    Given under my hand and seal of said Court at my office in Bryan _____

WITNESS:

District Clerk, Brazos County, Texas

By _____                                          Deputy



THE STATE OF TEXAS, COUNTY OF BRAZOS
I,Marc Hamlir., Clerk of the District of Brazos County, Texas,
do hereby certify that the foregoing is a true and correct copy
of the original; this certification reflects that the SSNs have been
redacted in Cause No._____
ATTEST: Marc Hamlin
MARC HAMLIN, District Clerk, Brazos County, Texas
By_____ Deputy

```
Race    B        Sex  M
Age     29
Dob     7/10/67
Ht      6' 1"  Wt    180
Hair    BLK    Eyes  BRO
```

FILED
At 6:3c o'clock P M

JUN 26 1997

MARC HAMLIN, DIST. CLERK
Brazos County, Texas
By _____ Deputy

THE STATE OF TEXAS

VS.

LOUIS DONELL TALBERT

Warrant CID 51146
DA Complaint# 10015
Book# 71422 Main Off 290300    GOC
Cause No.    **24,900-85 Reindictment**
Charge AGGRAVATED ROBBERY X3

Justice Court No. _____
Agency CSPD

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the____April_____ Term, 19_97_____ ,
of the 85th/272nd/361st, District Court of said County, in said Court, at said term, do present that in the County of Brazos and State
of Texas one          LOUIS DONELL TALBERT
hereinafter referred to as the Defendant, heretofore on or about_____November 11, 1996_____, did

then and there intentionally and knowingly, while in the course of
committing theft of property and with intent to obtain and maintain
control of said property, threaten and place JOYCE SANDERS in fear of
imminent bodily injury and death, and the defendant did then and there
use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the
said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on
or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of
committing theft of property and with intent to obtain and maintain
control of said property, threaten and place THOMAS KELLEY in fear of
imminent bodily injury and death, and the defendant did then and there
use and exhibit a deadly weapon to-wit: a firearm

COUNT THREE and it is further presented in and to said Court, that the
said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on
or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of
committing theft of property and with intent to obtain and maintain

AGAINST THE PEACE AND DIGNITY OF THE STATE.
Grand Jury Witness:

_____
Foreman of the Grand Jury

INDICTMENT - ORIGINAL

control of said property, threaten and place HENRY ZARAGOZA in fear of
imminent bodily injury and death, and the defendant did then and there
use and exhibit a deadly weapon to-wit: a firearm

ENHANCEMENT PARAGRAPH ONE and it is further presented in and to said
Court that prior to the commission of the aforesaid offense by the said
LOUIS DONELL TALBERT on the 2nd day of September 1987 in the 351st
District Court of Harris County Texas in cause number 475488 the said
LOUIS DONELL TALBERT was convicted of a felony, to-wit: Burglary of a
Habitation and the said conviction became final prior to the commission
of the aforesaid offense,



THE STATE OF TEXAS, COUNTY OF BRAZOS
I,Marc Hamlin, Clerk of the District of Brazos County, Texas,
do hereby certify that the foregoing is a true and correct copy
of the original; this certification reflects that the SSNs have been
redacted in Cause No. 24-01085
ATTEST: Marc Hamlin
MARC HAMLIN, District Clerk, Brazos County, Texas
By: _____ Deputy



Race B    Sex M
Age 29
DoB 7/18/67
Ht 6' 1" Wt 160
Hair BLK  Eyes BRO

THE STATE OF TEXAS

VS.

LOUIS DONELL TALBERT

Warrant CID 51146
DA Complaint# 10015
Book# 71432 Main Off 290300   SOC
Cause No. ___24,900-85 Reindictment___
Charge AGGRAVATED ROBBERY X3

Justice Court No. _____
Agency CSPD

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the ___April___ Term, 19 _97_ , of the 85th/272nd/361st District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one **LOUIS DONELL TALBERT**

hereinafter referred to as the Defendant, heretofore on or about ___November 11, 1996___ , did

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place JOYCE SANDERS in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place THOMAS KELLEY in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT THREE and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Witness: _____    _____
                                                            Foreman of the Grand Jury

**FILED**
At 6:30 o'clock P. M

JUN 26 1997

MARC HAMLIN, DIST. CLERK
Brazos County, Texas
By _____ Deputy

THE STATE OF TEXAS
COUNTY OF BRAZOS

I, District Clerk of Brazos County, Texas, do hereby certify that the foregoing is a true and correct copy of the original indictment presented by the Grand Jury, and now on file in said Court.
Given under my hand and seal of said Court at my office in Bryan _____

WITNESS: _____

                                  District Clerk, Brazos County, Texas

By _____ Deputy

EXHIBIT E

INDICTMENT - DEFENDANT - COPY

THE STATE OF TEXAS, COUNTY OF BRAZOS
I,Marc Hamlin, Clerk of the District of Brazos County, Texas,
do hereby certify that the foregoing is a true and correct copy
of the original; this certification reflects that the SSNs have been
redacted.In Cause No. 24-000 85
ATTEST: Marc Hamlin
MARC HAMLIN, District Clerk, Brazos County, Texas
By: _____ Deputy

Race B     Sex M
Age 29
Dob 7/10/67
Ht 6' 1"    Wt 180
Hair BLK   Eyes BRO

THE STATE OF TEXAS

VS.

LOUIS DONELL TALBERT

**FILED**
At 5 o'clock P M
JAN 00 1996
MARC HAMLIN DIST. Clerk
Brazos County, Texas
By _____ Deputy

Warrant CID 51146
DA Complaint# 10015
Main Off 290300    GOC
Cause No. 24,900-85
Charge AGGRAVATED ROBBERY X3

Justice Court No. _____
Agency CSPD

---

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the _____ Term, 19 _____ , of the 85th/272nd/361st, District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one     LOUIS DONELL TALBERT

hereinafter referred to as the Defendant, heretofore on or about _____ November 11, 1996 _____ , did

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place JOYCE SANDERS in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place THOMAS KELLEY in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT THREE and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain

control of said property, threaten and place HARRY ZARAGOZA in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm



Age    29
Dob    7/10/67
Ht     6' 1"   Wt    180
Hair   BLK   Eyes   BRO

THE STATE OF TEXAS

FILED

JAN 09 1996

MARC HAMLIN DIST. Clerk
Brazos County, Texas
By _____ Deputy

VS.

LOUIS DONELL TALBERT

Warrant CID 51146
DA Complaint# 10015
         Main Off  290300      GOC
Cause No.  24,900-85
Charge  AGGRAVATED ROBBERY X3

Justice Court No. _____
Agency CSPD

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Brazos County, State of Texas, duly organized at the_____ Term, 19_____ , of the 85th/272nd/361st, District Court of said County, in said Court, at said term, do present that in the County of Brazos and State of Texas one                           LOUIS DONELL TALBERT

hereinafter referred to as the Defendant, heretofore on or about_____November 11, 1996_____ , did

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place JOYCE SANDERS in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

COUNT TWO and it is further presented in and to said Court, that the said LOUIS DONELL TALBERT in the County of Brazos and State of Texas on or about the 11th day of November 1996 did,

then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place THOMAS KELLEY in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon to-wit: a firearm

AGAINST THE PEACE AND DIGNITY OF THE STATE.
Grand Jury Witness:

NOT THE ORIGINAL

_____
Foreman of the Grand Jury

THE STATE OF TEXAS, COUNTY OF BRAZOS
I, Marc Hamlin, Clerk of the District of Brazos County, Texas,
do hereby certify that the foregoing is a true and correct copy
of the original; this certification reflects that the SSNs have been
redacted in Cause No. _____
ATTEST: Marc Hamlin
MARC HAMLIN, District Clerk, Brazos County, Texas
By_____, Deputy

CAUSE NO. 24,900-85

EX PARTE

LOUIS D. TALBERT

FILED
At 11:20 o'clock A. M
DEC 7 1999
MARC HAMLIN, DIST. CLERK
Brazos County, Texas
By _____ Deputy

IN THE DISTRICT COURT OF

BRAZOS COUNTY, TEXAS

85TH JUDICIAL DISTRICT

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court has considered Applicant's Application for Writ of Habeas Corpus, the State's Original Answer, and the official court records and documents filed in the above numbered cause. The Court finds that there are no controverted, previously unresolved facts material to the legality of Applicant's confinement which require an evidentiary hearing, and recommends that the relief requested be denied. Further, the Court makes the following additional Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Applicant was found guilty by a jury of the felony offense of Aggravated Robbery.
2. The jury assessed punishment at fifty (50) years confinement in the Institutional Division of the Texas Department of Criminal Justice and the court sentenced Applicant accordingly.
3. Applicant filed a Notice of Appeal on September 11, 1997.
4. Appellate counsel filed a brief on behalf of Applicant alleging insufficient evidence to obtain a conviction and ineffective assistance of counsel.
5. The First Court of Appeals affirmed the judgment of the trial court.
6. The First Court of Appeals found the evidence to be legally and factually sufficient to sustain the jury's verdict.
7. No facts found to indicate that Appellate counsel was ineffective.



EXHIBIT
G

8. No evidence or facts found to indicate that Applicant was served with a copy of the indictment.

9. The prosecutor in the case made no statements to the Bryan Eagle in reference to Applicant's guilt.

10. No facts found to indicate that the article printed in the Bryan Eagle in May of 1997 prejudiced potential jurors on the venire.

11. Opening statement of the prosecutor contained no improper or inflammatory comments or arguments.

12. No evidence or facts found to indicate that the witnesses lied about their offense reports or the amount of money taken or found at the scene.

13. No evidence or facts to indicate that the State had prior knowledge of Juror White's aunt dying.

14. The record reflects an incorrect instruction to juror regarding making personal inspections.

15. The record also reflects that all instructions prior to the incorrect instruction are correct in that they tell the jurors not to do certain things.

16. The State provided trial counsel with statements of witnesses pursuant to Rule 614 of the Rules of Evidence.

17. There is no newly discovered evidence. Either Applicant or his attorney was aware of the evidence.

18. Trial counsel committed the following acts or omissions:
    She did not call Detective Cooper of Conroe as a witness nor did she call Applicant's children as witnesses.
    She did not file a motion for examining trial, a motion for new trial or a motion for speedy trial.
    She did not challenge jurors for cause who knew witnesses.
    She did not questions the venire about the May 1997 news article.
    She did not object to the State's voir dire, opening statement or closing arguments.
    She did not cross examine Officer Perdue about the use of dogs to search for suspects.
    She did not call the witnesses "liars" during her closing argument.
    She did not compel the State to call Detective Jeff Capps as a witness.

19. An Agreed Discovery order was signed by the trial court in this cause.

20. Venire members who knew some of the witnesses or the prosecutor showed no indication of bias or prejudice toward or against the Applicant.

21. Trial counsel did use the statements of the victims to impeach their credibility with the jury as to their identification of Applicant.

22. Trial counsel presented an Alibi defense for Applicant.

23. No evidence or facts found to indicate a conspiracy against Applicant.

24. No evidence found to indicate that the pre trial identification procedure was suggestive or that the lineups themselves were inherently suggestive.

25. Applicant was indicted for the offense of Aggravated Robbery in January of 1997.

## CONCLUSIONS OF LAW

1. Exhibits, reports, statements, or evidence that was not admitted during the trial of the case is not properly before the Appellate Court. Such items are not part of the record and will not be entitled to any consideration. Cook v. State, 741 S.W.2d 938 (Tex. Crim. App. 1987), cert. denied, 503 U.S. 998, 112 S.Ct. 1705, 118 L.Ed.2d 413 (1992) and Pollan v. State, 612 S.W.2d 594 (Tex. Crim. App. 1981).

2. Appellate counsel can not raise issues that should have been preserved for review by trial counsel. Writt v. State, 541 S.W.2d 424 (Tex. Crim. App. 1976) and TEX. RULES OF APP. PRO., RULE 33.1, (VERNONS 1998).

3. Appellate counsel rendered effective assistance of counsel on appeal. Strickland v. Washington, 466 U.S. 668, 687; 104 S.Ct. 2052, 2064 (1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

4. Applicant waived service of indictment by pleading not guilty at trial without first demanding a copy of the indictment. Davis v. State, 191 S.W. 2d 733 (Tex. Crim. App. 1946) and Guerra v. State, 648 S.W. 2d 715 (Tex. App. – Corpus Christi 1982, pet. ref'd).

5. Applicant does not have right to complain about lack of service of indictment after the verdict has been handed down. Bonner v. State, 15 S.W. 821 (Tex. Ct. App. 1890) and Young v. State, 806 S.W. 2d 340 (Tex. App. – Austin, 1991, pet. ref'd).

6. The prosecutor's questions and comments during voir dire were proper. Campos v. State, 589 S.W.2d 424 (Tex. Crim. App. 1979); McCary v. State, 477 S.W.2d 624 (Tex. Crim. App. 1972); Bevill v. State, 573 S.W.2d 781 (Tex. Crim. App. 1978); and Frausto v. State, 642 S.W.2d 506 (Tex. Crim. App. 1982).

7. Opening statement by the prosecutor was proper under Article 36.01(a)(3) of the Texas Code of Criminal Procedure.

8. Admission of evidence regarding voice identification was proper under Rule 901(5) of the Texas Rules of Evidence. Waggoner v. State, 98 S.W. 255 (Tex. Crim. App. 1906)and McInturf v. State, 544 S.W.2d 417 (Tex. Crim. App. 1976).

9. Closing arguments by the prosecutor were proper under the law in that the

statements were either (1) a plea for law enforcement, (2) answer to opposing counsel's argument, (3) summation of the evidence or (4) a reasonable deduction from the evidence. Albiar v. State, 739 S.W.2d 360 (Tex. Crim. App. 1987) and Alejandro v. State, 493 S.W.2d 230 (Tex. Crim. App. 1973).

10. Incorrect instructions given by the trial court to the jury were harmless in the context in which they were given and there is no evidence that the jury committed any acts of misconduct due to the incorrect instruction.

11. The language of the court's charge which referred to Applicant's "right not to testify" as a "failure" to testify should have been raised on appeal. Ex parte Clore, 690 S.W.2d 899 (Tex. Crim. App. 1985) and Ex parte Banks, 769 S.W.2d 539 (Tex. Crim. App. 1989). However, the use of the word failure is proper and is not error. Viduarri v. State, 626 S.W.2d 749 (Tex. Crim. App. 1981).

12. Appellate court found the evidence legally and factually sufficient to sustain the jury's verdict of guilty. Therefore, a claim of no evidence can not prevail. Ex parte Moffett, 542 S.W.2d 184 (Tex. Crim. App. 1976) and Ex parte Murchison, 560 S.W.2d 654 (Tex. Crim. App. 1978).

13. Applicant is not entitled to counsel during a photo lineup shown to a witness. The Sixth Amendment does not grant the right to counsel at photographic displays conducted by the State for the purpose of allowing a witness to attempt an identification of the offender. White v. State, 496 S.W.2d 642 (Tex. Crim. App. 1973); United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L Ed 2d 1149 (1973); and Garcia v. State, 626 S.W.2d 46 (Tex. Crim. App. 1981).

14. Applicant was not entitled to an examining trial at the time that his trial counsel was retained. TEX. CODE OF CRIM. PRO., ARTICLE 16.01 (VERNON'S 1998).

15. The State did not suppress any evidence or statements from Applicant.

16. Applicant was informed by his attorney of the facts and the law involved in his case.

17. There is no newly discovered evidence for the court to consider. Jones v. State, 711 S.W.2d 35 (Tex. Crim. App. 1986) ; Waddy v. State, 880 S.W.2d 458 (Tex. App. – Houston [14th Dist] 1994, pet. ref'd) and Rogeau v. State, 738 S.W.2d 651 (Tex. Crim. App. 1987).

18. None of the evidence Applicant claims is newly discovered if true would create doubt as to the efficacy of the verdict sufficient to undermine confidence in the verdict and the evidence does not make it probable that the verdict would be different on retrial. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996).

19. There is no evidence to suggest that any witness committed perjury or that

the State suborned perjury.

20. The acts or omissions of trial counsel do not constitute ineffective assistance of counsel. Applicant has not met his burden of proof under Strickland v. Washington, 466 U.S. 668, 687; 104 S.Ct. 2052, 2064 (1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

21. There is no evidence that a Motion for New Trial would have been successful.

22. Speedy Trial violations are not cognizable in a writ of habeas corpus. Ex parte Owenby, 740 S.W.2d 880 (Tex. Crim. App. 1988). However, Applicant's right to a speedy trial was not violated. Ex parte Owenby, 740 S.W.2d 880 (Tex. Crim. App. 1988) and Orosco v. State, 827 S.W.2d 575 (Tex. App. – Fort Worth, 1992, no pet.).

23. Applicant's prior conviction could have been used to impeach his credibility as a witness pursuant to Rule 609 of the Texas Rules of Evidence.

24. Applicant can not compel the State to call a witness to testify.

25. There is no evidence to support a selective prosecution claim. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 501 (1962); Gawlik v. State, 608 S.W.2d 671 (Tex. Crim. App. 1980) and County v. State, 812 S.W.2d 303 (Tex. Crim. App. 1989).

The Court finds Applicant has alleged no fact supported by the record which entitles him to relief. The Court further concludes Applicant's complaints for relief have no basis in the law and are completely without merit. The Application for Writ of Habeas Corpus filed by the Applicant, LOUIS D. TALBERT, in the above numbered and entitled cause having been considered by this Court, and this Court, having found no fact in issue requiring an evidentiary hearing, hereby ORDERS the District Clerk of Brazos County to prepare and transmit the Record herein to the Court of Criminal Appeals and recommends that relief be denied.

It is further ORDERED that the District Clerk shall forward a copy of this Order to the Applicant, LOUIS D. TALBERT TDCJ # 805926, at the following

address: Retrieve Unit, Rt. 5 Box 1500, Angleton , Texas 77515.

SIGNED this _3rd_ day of _December_, 1999.


J. D. LANGLEY
JUDGE PRESIDING

In The Texas Court Of Criminal Appeals
At Austin Texas

Exparte                        §
Louis Talbert,
No. 805926,                    §     Cause No. 24,900-85
                                     In The 85th Judicial
              Applicant,       §     District Court of
                                     Brazos County, Texas
v.                             §

William Stephens,              §
Director of TDCJ-ID,           §
              Respondent.      §


Applicant's Affidavit Of Truth And Memorandum
Of Authorities In Support Of His 11.07 § 4(a)(1),(2)(e)
Subsequent Writ Of Habeas Corpus

Before The Honorable Court Of Criminal Appeals:

Comes Now, Louis D. Talbert No. 805926, hereafter, the Affiant/Applicant/Petitioner, and depose, and say, and declare as follows:

## Facts Of The Case

I.

On November 15, 1996, Affiant was arrested for aggravated robbery and proceeded to trial without being served an indictment on the word of trial counsel that he had indeed been indicted. Affiant entered a plea of not guilty in the 85th District Court of Brazos County, Texas in Cause No. 24,900-85 and was found guilty by a jury on August 29, 1997. Punishment was assessed by the jury and Affiant was sentenced to 50 years incarceration to be served in the Texas Department of Criminal Justice - Institutional Division. Appeal was timely filed and the First Court of Appeals affirmed the conviction on December 30, 1998. (See Appeal No. 1-97-01108-CV) Affiant filed his initial habeas application on November 1, 1999, and the trial court made findings of facts contrary to the record and without requiring trial counsel to file an affidavit to answer Affiant's ineffective assistance of counsel claim, whereby, the Texas Court of Criminal Appeals, without a written order, denied the writ on February 16, 2000. (See Exparte Talbert, No. 43,995-01) Affiant filed a second application requesting permission to file an "Out of Time" Petition for Discretionary Review, which did not contest the conviction. However, this habeas application was also denied. (See Exparte Talbert, No. 43,995-02).

On December 23, 2013, Affiant filed a third habeas

2.

application with a 147 page Affidavit/Memorandum with "certified" Exhibits No.'s 1 thru 21 via U.S. Certified Mail No. 7008-3230-0002-0995-4198, Return Receipt. However, the District Attorney, Jarvis Parsons responded alleging Affiant did not file any evidence and abuse of writ. Therefore, the application was denied. (See Exparte Talbert, No. 43,995-03) Affiant filed adequate objections and Writ of Mandamus with the Court of Criminal Appeals to correct the habeas record to no avail. (See Mandamus, Writ No. 43,995-04) Finally, Affiant filed the Original copy of his Writ of Injunction with the Court of Criminal Appeals', Clerk on December 23, 2013 annexed to a letter to the Honorable Barbara Hervey, but "strangely" the Injunction was never filed and evenmore out of the ordinary the Head Clerk of the Court of Criminal Appeals responded to me about the letter to Judge Hervey but did not mention the Injunction.

## Cause And Prejudice

In this case Affiant was never served a copy of the Indictment which prevented any objection to the validity thereof. For this cause annexed to the Texas Information Act's provision that does not require the state or city agencies to provide information to prisoners prejudiced Affiant's ability to produce into evidence the facts necessary to prove his claims. Therefore, where trial coun-

3.

sel erroneously validated the trial court's jurisdiction procedural default is the result of ineffective assistance of counsel. Consequently, the Sixth Amendment itself requires that responsibility for the default to be imputed to the state, which may not conduct trials at which persons who face incarceration must defend themselves without adequate legal assistance. See Cuyler v. Sullivan, 100 S.Ct. 1708, 1716 (1980); Murray v. Carrier, 106 S.Ct. 2639 (1986); also Coleman, 111 S.Ct. at 2567. Moreover, because a "valid indictment" is essential for jurisdiction, it is not subject to waiver, and may be challenged at any time without limitation. See Maine v. Thiboutot, 100 S.Ct. 2502 (1980); Cook v. State, 902 S.W. 2d 471 (Tex. Crim. App. 1995) (quoting Crawford, 624 S.W. 2d at 907; and Lacky, 514 S.W. 2d 97, 100 (Tex. Cr. App. 1978).

## Admissibility Of The Evidence

Exhibit No. 1, attached to Affiant's habeas application is presented to this Court of Criminal Appeals pursuant to the Texas Rules of Evidence, Rules 201 (b); 803 (6); 901 (a), (b), (1), (4), (7), and (10); 902 (2), (4), (8), and (10); 1001 (a), (b), and (d); and 1005, which meets the requirements set forth in Article 11.07 § 4(a)(1), (2)(c) of the Tex. Cod. Crim. Proc.

In Affiants initial habeas writ [Ex parte Talbert, No.

4.

43,995-01] the trial court was partial to the prosecutor's Recommended Findings of Facts and Conclusions of Law to disregard the evidence on the basis it was not submitted at trial and therefore it was not properly before the court and were not apart of the record thus is not entitled to consideration citing, Cook v. State, 741 S.W.2d 438 (Tex. Crim. App. 1987), cert. denied, 503 U.S.998, 112 S.Ct. 1705, 118 L.Ed.2d 413 (1992), and Pollan v. State, 612 S.W.2d 594 (Tex. Crim. App. 1981). (See Ex parte Talbert, No. 43, 995-01, Conclusions of Law, No. 1).

In Pollan v. State, the prosecutor asserts, by application of its authority, that Affiant had not proven she possessed the false evidence of the eyewitnesses' statements and photo-lineup identifications which were cornerstone to the state's case and used by the prosecutor to obtain an illegal conviction. Although the prosecutor only used part of the evidence under Rules 106 and 107 of the Tex Rul. Evid., affiant was entitled to submit into evidence the remainder of the evidence when it is exculpatory in nature or material. See Kyle v. Whitley, 115 S.Ct. 1555 (1995) (citing United States v. Agurs, 96 S.Ct. 2397-98) Moreover, in citing Cook v. State, the prosecutor asserted that because Affiant did not object to the evidence at trial it was not entitled to consideration. Therefore, the prosecutor presents an ambiguous argument. Either

5.

the evidence is apart of the record or its not. (emphasis)
Furthermore, if I [Affiant] had known the contents of
this evidence I would have elected to submit it in it's
entirety in order to expose the absence of truth and in-
tegrity in the state's case.

## Standard Of Review For Successive Writs

The Supreme Court held that, "once State and Federal
Jurisdiction has been challenged, it must be proven, and
can be challenged at any time." See 100 S.Ct. 2502 (1980);
also Basso v. Utah Power & Light Co., 495 F.2d 906, 910.
Once challenged Jurisdiction cannot be assumed, it
must be proved to exist. See Stuck v. Medical Examiners,
94 Ca.2d 751, 211 P.2d 389; also Maine v. Thiboutot, 100
S.Ct. 2502 (1980). The law requires proof of Jurisdic-
tion to appear on the record of the administrative
agency and all administrative proceedings. See Hagan
v. Lavine, 415 U.S. 533. A full and fair hearing in de-
termining whether the trial court has legal Jurisdic-
tion over Affiant and the subject matter in this
case requires the trial court to prove Jurisdiction. See
Rosemond v. Lambert, 469 F.2d 416. Moreover, the trial
court must prove on the record, all Jurisdictional
facts related to the Jurisdiction asserted. See Latana
v. Hopper, 102 F.2d 188; and Chicago v. New York, 37

6.

Supp. 150.

In the State of Texas habeas corpus is an appropriate remedy to attack a void conviction. See Exparte Seidel, 39 S.W.3d 221, 224-25 at n.4 (Tex. Crim. App. 2001); Exparte Beck, 922 S.W.2d 181 (Tex. Crim. App. 1996); and Exparte McIver, 586 S.W.2d 851 (Tex. Crim. App. 1977). In this case Affiant is entitled to a denovo review of the grand jury's proceeding because whether the trial court had jurisdiction is a mixed question of law and fact. See Thompson v. Keohane, 116 S.Ct. 457, 462 (1995). Therefore, proof of jurisdiction can not be proven merely by the court's assertion that Affiant was indicted for the offense of aggravated robbery in January of 1997. Affiant raised this issue in his initial habeas application. (See Exparte Louis D. Talbert, No. 24,900-85-A) However, the court did not afford Affiant a full and fair hearing by merely making reference to the indictment. (emphasis) (See Exhibit No.1 attached to the habeas application with Exhibit G, for the courts disposition). Where the fact of jurisdiction was never proven on the record of the court and the issue has never been decided on the merits the factual dispute is not resolved.

For this court to prove it has legal jurisdiction over Affiant an evidentiary hearing is required. Affiant

7.

has produced sufficient evidence that proves the indictments in this case are invalid as a matter of law. (See Exhibit No. 1 with "certified" Exhibits A, B, C, D, E, F, and G, attached to the Heabeas Application). The afore-evidence is entitled to mandatory Judicial Notice pursuant to Rule 201(d) of the Tex. Rul. Evid. and taking this evidence into consideration the trial court would have to prove on the record the following; 1.) the indictment is a product of the grand jury; 2.) the lost original was properly substituted with a copy; 3.) that the amendments were ordered by the court; 4.) that the foreman's signature was not forged; and 5.) that the grand jury produced two distint indictments from the initial and both reindictment proceedings. In the absence of such proof the trial court does not and never had legal jurisdiction to try this case. See <u>Maine v. Thiboutot</u>, 100 S.ct. 2502 (1980). Under Texas Law, a judgment is void when it is shown that the court had no jurisdiction over parties or property, no jurisdiction over subject matter, no jurisdiction to enter particular judgment or capacity to act as a court. See <u>Matter of Camp</u>, 59 F.3d 548 (C.A. 5 Tex. 1995); <u>Dubai Petroleum Co. v. Kazi</u>, 12 S.W.3d 71 (Tex. 2000); and <u>CSR Ltd v. Link</u>, 925 S.W.2d 591 (Tex. 1996)

Affiant submits into evidence Carol Edmund's Affidavit with "certified copies" of the indictments on file

8.

with the Brazos County District Clerk's Office, (See Exhibit No.1 with "certified Exhibits A, B, C, D, E, F, and G" attached to the habeas application). This evidence meets the requirements of Article 11.07 Sec. 4(a)(1), and (2)(c) of the Tex. Cod. Crim. Proc. which states the following;

Article 11.07 § 4(a)(1), (2)(c):

Sec. 4(a)(1). If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that;

(2). by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; and

(c). For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through due

9.

diligence on are before the date.

Where the trial court does not have legal jurisdiction a judgment will never be considered final if the court did not have the capacity to act. Jurisdiction is a power that exist by operation of law only, and can not be conferred upon any court by consent or waiver. See Dubai Petroleum Co. v. Kazi, 12 S.W. 3d 71 (Tex. 2000). Therefore, the judgment and sentence in this case is not binding and requires this Court of Criminal Appeals to grant relief to the effect of Affiant's release from prison.

## Ground of Error One

The indictments are not valid, the trial court did not have jurisdiction, and therefore the conviction is void.

## Facts Supporting Ground One

Constitutional error within the process by which the charging instrument was generated violated Applicant's fundamental right to be charged by a valid indictment presented by a grand jury where the initial and both re-indictments are not signed by the foreman of the grand jury, does not conclude with, "Against The Peace And

10.

Dignity Of The State," the Originals were improperly substituted, they are improperly amended, forged signatures, two different indictments filed simultaneously, No evidences of additional pages to indictments, and an absence of the District Clerk's certification that the indictments were actually returned by a grand jury. Moreover, where the District Clerk did not serve Applicant with a copy of the indictment as required by Art 25.01 of the Tex. Cod. Crim. Proc., impeded any objection to the form or jurisdictional defects causing Applicant to be tried by a court not having jurisdiction over the Applicant nor the subject matter rendering the Judgment void. (See Exhibit No.1 with attached Exhibits A thru G). Wherefore, Applicant is entitled to the dismissal of this case against him by operation of law.

## Argument And Authorities

The Sixth Amendment protects Affiant's fundamental right to a fair trial by protecting a defendant's right to put on a defense and states in pertinent part:

"The accused shall enjoy the right to be informed of the nature and cause of the accusation."

In the State of Texas the filing of a "grand jury" indict-

11.

ment serves two functions; 1) it vest the trial court with jurisdiction; and 2) serves notice on the defendant of the nature and cause of the accusation. See <u>Cook v. State</u>, 902 S.W.2d 471 (Tex. Cr. App. 1995). Moreover, the Fourteenth Amendment, Sec. 1 states the following:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In this case the fundamental defects manifest within the indictments were born out of the "process" by which they were generated that violated Affiant's Sixth Amendment rights to a fair trial and Fourteenth Amendment rights to due process which denied him equal protection of the law, because he was charged by an "invalid" indictment. Fundamental defects in the "generation process" which vitiates the indictment also vitiates the trial court's jurisdiction, and is not subject to waiver. <u>Aguilar v. State</u>, 810 S.W.2d 230 (Tex. App. - El

12.

Paso 1991, Id. at 231-32)

The Texas Constitution guarantees the Affiant the right to a "grand jury indictment" for all felony offenses. (See Tex. Const. Art. I § 10). This constitutional requirement is well established. (See King v. State, 473 S.W. 2d 43, 47-49 (Tex. Cr. App. 1971). The right to grand jury indictment has not been abolished, (Cook, 902 S.W. 2d at 478), and consequently Art. V § 12(b) of the Tex. Const. can not be read to dispense with the necessity of filing a "valid indictment" in the trial court to vest the trial court with jurisdiction a provide notice to Affiant. In Dendy v. Wilson, 142 Tex. 460, 179 S.W. 2d 269 (1944), the Supreme Court held, "The power to make laws is vested via the Constitution in the Legislature. However, the Legislature does not have any power to enact laws contrary to the provisions of the Constitution. If any law or part thereof, undertakes to nullify the protection furnished by the Constitution, such law, or part thereof, that conflicts with the Constitution is void." Article V § 12(b) does not subject all requisites of the indictment to the scope of Art. 1.14 (b) of the Tex. Cod. Crim. Proc, and hence to waiver, because there would be no points concievable at which a charging instrument is so deficient as to not constitute an indictment. Clearly,

13.

such construction of Art. V § 12(b) would permit a blank sheet of paper to suffice for a valid indictment. The Legislature nor the voters could have intended this result when approving Art. V § 12(b). Furthermore, this construction of Art. V § 12(b) does not comport with the right to indictment guaranteed by Art. I § 10 of the Tex. Const., and because a valid indictment is essential for jurisdiction, it is not subject to waiver. (See Cook, 902 S.W.2d 471 (Tex. Cr. App. 1995).

The Legislature has prescribed legislative directives that governs the process by which a valid indictment must be generated. The Texas Code of Criminal Procedure, Articles 20.16, 20.19, 20.20, 20.21, 20.22, 21.02, 21.25, 25.01, 25.02, 27.08, 27.09, 28.10, 28.11, and 32.01 are statutory procedures which serve to protect constitutional requirements of the grand jury process, substitution of lost original, and amendment of indictments which generates the indictment. The failure of a trial court to adhere to these statutory procedures which serve to protect the Affiant's constitutional rights of being charged by a grand jury indictment guaranteed is a violation of the statutory procedures. See Exparte Long, 910 S.W. 2d 485, 486 (Tex. Crim. App. 1995). A trial court's failure to these legislative directives or mode

14.

of proceeding designed to safeguard a constitutional right will be cognizable when the omission results in the denial of a constitutional protection. (See Exparte Tovar, 901 S.W. 2d 484, 486 (Tex. Crim App. 1995).

In this case the trial court's omission to follow the prescribed legislative directives for generating a process which produces a "valid" charging instrument denied Affiant the constitutional protection of only being held to answer to the felony offense of aggravated robbery except upon presentment of a grand jury indictment which violates Art. I § 10 of the Texas Constitution, and the Sixth Amendment rights to be informed of the nature and cause of the accusation and Fourteenth Amendment rights to due process, equal protection, and a fair trial, thus rendering the judgment and sentence void as a matter of fact and by operation of law. Affiant has submitted evidence which effectively questions the integrity of the grand jury process and the validity of the indictment produced by it. Carol Edmonds has provided Affiant with an affidavit with "certified" copies of the indictments which she purchased from the original file of the Brazos County District Clerk's Office and are attached to Edmund's Affidavit as Exhibits A thru F. (See Applicant's Exhibit No. 1). The factual contents of the certified indictments [Exh. A thru F] annexed to the appli-

15.

cable law to the specific Jurisdictional defects and the absence of proper Motion, by the District Attorney, to Substitute the Original Indictment with a Copy and Motion to Amend the Indictment in the original File of the Clerk, effectively questions the validity of the indictment and the trial court's Jurisdiction over Affiant or the subject Matter.

Exhibit No.1 and Exhibit G attached to Carol Edmund's Affidavit, is the Findings of Facts and Conclusions of Law by the trial court From Affiant's initial application for Art. 11.07 writ of habeas corpus. (See Exparte Talbert, No. 43,995-01, 2-16-2000). Under the Findings of Fact, No. 8 of Exh. G, the trial court found no evidence to indicate service of the indictment. Exhibit No.1 and Exhibits A thru F show that on each presentment of three different indictments the District Clerk failed to certify any of the charging instruments which is apart of the process in Brazos County. Moreover, Exh's A thru F show that on each presentment the process produced two (2) distinct copies of the initial and both reindictments each having fundamental defects in the requisite form required by legislative directives Art's 20.20, 20.21, 20.22, and 21.02 (3), (6), and (8) and (9) of the Tex. Cod. Crim. Proc. which are designed to protect Affiant against arbitrary prosecution. These statutory

16.

procedures ensures that persons are only tried by "true bills", and that the indictment presented is the one voted on and returned by the grand jury. See Hawkins v. State, 792 S.W.2d 491 (Tex. 1990); also Stiger v. State, 702 S.W.2d 301 (Tex. 1985).

Affiant has submitted a preponderance of evidence which shows as a matter of fact that none of the indictments, on file in the Clerk's Office, vested the trial court with jurisdiction over the case. Each of the indictments on file shows evidence of being altered after it was returned, if indeed it was returned or presented by a grand jury. Article 28.10 and 28.11, of the Tex. Cod. of Crim. Proc., provides the State with an opportunity to amend the indictment, Exhibit No. 1 and Exh's. A, B, C, D, E, and F, of Carol Edmund's Affidavit reveals that amendments have been made on the face of each indictment. These alterations were made by adding an additional page or by taping an enhancement paragraph to the face of the indictments. If the state wishes to amend the pleadings, it must first request the trial court's permission via a "Motion for Leave to Amend the Pleadings." See Ward, 829 S.W. 2d at 743. The amendment is the actual alteration of the charging instrument. See Rent v. State, 839 S.W.2d 548, 551 (Tex. Crim. App. 1992). This requirement and guarantee that an

17.

accused has is a State Constitutional right to be informed of the nature and cause of the accusation against him. See King v. State, 473 S.W. 2d 43, 45 (Tex. Crim. App. 1971). Thus in this case the original and re-indictments were not properly amended which calls into question the validity of the charging instrument whether it was actually returned by a grand jury. See Miller v. State, 909 S.W. 2d 586 (Tex. App.-Austin 1995). As a result of the prosecutions arbitrary amendments of the initial and reindictments annexed to the fundamental defects, in the form, of the charging instrument violates Affiant's constitutionally guaranteed rights to be charged by a valid indictment, due process, equal protection, and a fair trial.

Another aspect of this case is that the District Clerk's file does not contain a Motion to Substitute the Original Indictments with Copies, which violates Article 21.25 of the Tex. Cod. Crim. Proc. and effectively denied Affiant's fundamental right to be charged by a valid indictment. See Carillo v. State, 962 S.W. 2d 719 (Tex. App.-Houston [14 Dist.] 1998). If and indictment is lost before trial, the trial court does not obtain jurisdiction over the person or the subject matter without a substitution or pre-sentment of a new indictment by the grand jury. See Hollingsworth v. State, 87 Tex. Crim. 399, 221 S.W. 978,

18.

980 (Tex. Crim. App. 1920) (the court held, "there is no jurisdiction in absence of order substituting copy for original indictment"). A substituted or new indictment is necessary when the original indictment is lost because "jurisdiction vest only in filing of valid indictment in the appropriate court." See Cook, 902 S.W.2d at 475.

Exhibit No. 1 with Exh. A [second page], and Exh's. B, D, and F of Carol Edmund's Affidavit are all "copies" of original "constructed" indictments which are not in the District Clerk's original file. Furthermore, these copies are not the same in appearance, although pairs of each indictment are purported to be the same document. In construing Article 21.25 of the Tex. Cod. Crim. Proc., the Court of Appeals has consistently held, "to effectively substitute a duplicate indictment where the original has been lost before trial, the record must show:

'The state's attorney must file a motion setting out; 1.) the lost of the indictment; 2.) an exact or substantial copy thereof; 3.) a statement by such attorney that same is, in substance at least, as lost indictment; and 4.) a showing that a judgment of substitution was entered and carried into the minutes of

19.

the court.'"

See <u>White v. State</u>, 72 Tex. Crim. 16, 160 S.W. 703 (Tex. Crim. App. 1913), also <u>Carrillo</u>, 962 S.W. 2d at 722.

The State failed to adhere to the statutory procedural directive of Article 21.25 of the Tex. Cod. Crim. Proc., because the District Clerk's original file does not contain the original indictments attached to Affiant's Subsequent Habeas Application as <u>Exhibit No.1</u> which are labeled as <u>Exh's. A, B, D, E, and E</u> of Carol Edmund's Affidavit, submitted as evidence. Moreover, there is no record of the originals being lost, no exact copies substituted, no motion to substitute, no statement by prosecutor of of substitute being exact in substance, and no judgment of substitution entered on the minutes of the court which violates Affiant's rights to be charged by a valid indictment. <u>Burrage</u>, 44 S.W. at 169. Where the record is missing a reviewing court can not assume or presume that such record existed. Because the Texas Constitution requires the filing of a valid indictment in the appropriate court to vest the trial court with jurisdiction over the cause, the legislature has provided procedures by which a duplicate indictment mabe substituted if the original is lost. A violation of Art. 21.25 denies Affiant the constitutional protection against arbitrary prosecutions. See <u>Exparte Long</u>, 910 S.W. 2d

20.

485, 486 (Tex. Crim. App. 1995); and Ex parte Tovar, 901 S.W. 2d 484, 485 (Tex. Crim. App. 1995).

The Texas Constitution guarantees Affiant the right to a grand jury indictment. See Tex. Const. Art. I §10. In this case the trial court held Affiant to answer for a felony offense in the absence of legal jurisdiction over him. Although the conviction is void, the error is anything but harmless. (emphasis) A valid indictment is not subject to waiver. See Cook, 902 S.W. 2d at 480. Where the State failed to secure the filing of a valid indictment Affiant had no duty to complain about the defects. Moreover, where the state did not effecuate a valid substitution for the lost original indictments, consequently, the trial court erred in proceeding to trial against Affiant in violation of his fundamental right to the due process and equal protection of the law, and a fair trial.

This evidence further supports that theres an absence of the grand jury foreman's signature on some of the indictments and appears on others which are purported to be the exact same document. Exhibit No. 1 and attached Exh's A, B, C, E and F of Carol Edmund's Affidavit shows there is no signature on these indictments. (See Exh. No. 1) The first page of Exh. A does not have a signature on it, but a signature is forged by the attachment or amend-

21.

ment of a second page which altered the indictment. Exhs. A, B, and C were all filed in the Clerk's Office on April 10, 1997 as evidenced by the file date stamp and purports the grand jury presented four (4) distinct indictments all with jurisdictional defects which questions the integrity of the process which generated them. Exhs. B and C, do not have a signature on them. Exhs D and E were filed in the Clerk's Office on June 26, 1997 as evidenced by the file date stamp and purports the grand jury presented a charging instrument where the grand jury foreman signed the "original copy" of the indictment [Exh. D] with the enhancement paragraph below the conclusional phrase. Moreover, evidence purports the "defendant's carbon copy" of the indictment [Exh. E] did not record the foreman's signature and does not have an enhancement paragraph which makes these indictments distinct in context and appearance and calls into question the integrity of the process which generated them. Exh. F was filed in the Clerk's Office on January 9, 1997, and although the file date stamp reflects the date of January 9, 1996, it is subject to clerical error. However, this evidence purports the grand jury presented two distinct indictments niether of them having the foreman's signature and the first page missing the conclusional phrase, and the second page missing count three of the accusation which questions the process.

22.

Where there is No Motion to Amend the Indictment and no Motion to Substitute the Indictment in the original file of the Clerk or entered on the minutes of the court the inappriate amendments to include a signature on the second page of Exh. A of Carol Edmund's Affidavit and on the purport Original Copy of Exh. D, where the original indictments are missing from the Clerk's Original File, the process which generated the charging instrument is called into question. See Miller v. State, 909 S.W. 2d 586 (Tex. App.-Austin 1995); also Carillo v. State, 962 S.W. 2d 719 (Tex. App.-Houston [14 Dist] 1998). In Paxton v. State, 730 S.W. 2d 829, the Court held, "a valid indictment, and the requisite thereof, include the signature of the grand jury foreman."(See Art. 20.20, 20.21, and 21.02 (8) and (9) of the Tex. Cod. Crim. Proc. The purpose of Article 21.02, requiring that each indictment be signed by the grand jury foreman is to ensure that the indictment presented was the one in fact voted on and returned by the grand jury. See Stigers v. State, 702 S.W. 2d 301 (Tex. App. [1st District] Houston 1985). In this case evidence shows that on the second page of Exhibt A and Exhibit D the foreman's signature was forged or added via amendment. Texas courts has consistently held that a wholly forged indictment does not confer jurisdiction to a State court rendering the conviction

23.

void, See Hollingsworth v. State, 87 Tex. Cr. R. 248, 221 S.W. 978 (1920); King v. State, 473 S.W.2d 43, 48-n.11, 52 (Tex. Crim. App. 1971); see also Hamilton v. McCotter, 772 F.2d 171 (5th Cir. 1985).

Affiant's Exhibit No.1 and Exhs. A[first page], B, C, and F[first page] of Carol Edmunds' Affidavit are all copies of the indictments on file with the District Clerk that do not conclude with the phrase, "Against The Peace And Dignity Of The State," inviolation of Art 21.02 of the Tex. Cod. Crim. Proc. In this case it is clear that an attempt is made to to include the phrase via improper a- mendment of Exhs. A and F by including it on the second pages of these documents which are the only distinction in appearance from the first pages. The Texas Constitution, at Art. V § 12, provides in pertinent part:

"All prosecutions shall be carried on in the authority of the State of Texas, and shall con- clude: 'Against The Peace And Dignity Of The State.'" (See Art. 21.02 of the Tex. Cod. Crim. Proc.) Art. 21.02 provides that an indictment must conclude with the above phrase. See Dunn v. State, 646 S.W.2d 576 (Tex. App. Amarillo - 1983).

24.

In this case it is clear that the validity of the indictment is question as a result of multiple jurisdictional defects within the process which generated it. It is well established that the omission of the conclusion, though a formal part, is a fatal defect in substance and not a defect in form alone, and the indictment insufficient to support a conviction. See Reese v. State, 139 Tex. Crim. 593, 141 S.W. 2d 949 (1940); Herring v. State, 160 Tex. Crim. 597, 273 S.W. 2d 421 (1954); American Plant Food Corp v. State, 508 S.W. 2d 598 (Tex. Crim. App. 1974); and Shecky v. State, 530 S.W. 2d 108 (Tex. Crim. App. 1975). Therefore, the conviction in this case is void where the indictment is not valid and did not vest the trial court with jurisdiction to render judgment.

Violations of Arts. 27.08, 27.09, and 32.01 of the Tex. Cod. Crim. Proc., are also manifest in this case. The indictments on file with the District Clerk show upon the face of the documents the court lacked jurisdiction, does not appear to have been presented by a grand jury, were improperly amended, and were the originals were improperly substituted. (See Exh. No. 1 and Exhs. A thru F of Carol Edmunds Affidavit). Exhibit F is purported to be the initial indictment in this case presented and filed by the Deputy Clerk on January 9, 1997. However, due to jurisdictional defects the initial process which

25.

generated it is questioned, whereby the indictment is not valid. (emphasis) Exh. No. 1 which is Carol Edmunds Affidavit at Sec. 3. states, "that Exhibit F is two (2) pages. Observation of the first page reveals an absence of the conclusion, "Against The Peace And Dignity Of The State" as required by Art. V § 12 of the Tex. Const., and Article 21.02 of the Tex. Cod. Crim. Proc. Niether does it specify the "term" of the grand jury, nor provides any space for the foreman's signature which are all defects which invalidates the indictment. See Dunn v. State, 646 S.W. 2d 576 (Tex. App. Amarillo - 1983); Paxton, 730 S.W. 2d 829; and Stigers, 702 S.W. 2d 301 (Tex. App [1st Dist] Houston 1985). Moreover, observation of the second page reveals that two distinct indictments were presented. The only difference is that the second page is missing the third count, has the conclusional phrase, and reveals a blank space without the foreman's signature. Here it is apparent that Exhibit F in it's entirety has been improperly amended and calls into question the integrity of the process which generated the charging instrument rendering the conviction void where the court didn't have jurisdiction to act or render judgment. See Ward 829 S.W. 2d at 793; Rent v. State, 839 S.W. 2d 548, 551 (Tex. Crim. App. 1992); King, 473 S.W. 2d 43, 45 (Tex. Crim. App. 1971); and Miller, 909 S.W. 2d 586 (Tex. App. - Austin 1995). Even more, where the original indictment of Exh. F is missing

26.

from the District Clerk's file and there is no Motion to Substitute the Original with a Copy the indictment is not valid and therefore the court did not have jurisdiction to render judgment. See <u>Carrillo v. State</u>, 962 S.W.2d 719 (Tex. App. - Houston [14 Dist] 1998).

Affiant was arrested on November 15, 1996, a total of four (4) months before the "April" term of a new grand jury was seated. <u>Exhibit No. 1</u> with <u>Exh's. A, B, and C</u>, of Carol Edmunds' Affidavit, are the initial re-indictments which were filed by the Deputy Clerk on April 10, 1997. Where the initial grand jury and the process initiated generated an invalid indictment, the grand jury at the "April" term was without authority to act because the life of the initial grand jury seated at the time of Affiant's arrest vittated the trial court's jurisdiction. <u>Exhibit F</u> of Carol Edmunds Affidavit is what the Clerk's file purports to be the initial indictment in this case. However, pursuant to the exception in substance of the indictment it shows on its face that the court did not have jurisdiction because it was improperly amended which vittates the court's jurisdiction. (See Tex. Cod. Crim. Proc. Art. 27.08 (4) ). See also <u>Ward</u>, 829 S.W.2d at 793, and <u>Rent v. State</u>, 839 S.W.2d 548, 551 (Tex. Crim App. 1992); <u>Miller v. State</u>, 909 S.W. 2d 586 (Tex. App. -Austin 1995). Where the prosecutor failed to follow legislative directives, namely; Arts. 28.10 and 28.11 of

27.

the Tex. Cod. Crim. Proc., violated Affiant's fundamental rights to be held only by grand jury indictment. Moreover, where the process which generated the charging instrument was not filed in the proper court according to law, is missing requisites pursuant to Art. 21.02 (8) and (9), and was not properly amended, lost original was not properly substituted pursuant Art. 21.25, appears to be forged, and was not certified by the District Clerk as the indictment presented by the grand jury raises the exception provided in Art. 27.09 of the Tex. Cod. Crim. Proc. § (1),(2), and (3). Therefore, Exhibit F, the initial indictment did not vest the trial court with jurisdiction. The State purports the initial indictment was presented on January 9, 1997. Exhibits A, B, and C, is purported to be the initial "reindictment", but where the initial indictment that was presented on January 9, 1997, [Exhibit F], did not vest the trial court with jurisdiction, the grand jury which sat at the "April" term did not have the power to indict Affiant pursuant to Art. 32.01 of the Tex. Cod. Crim. Proc. There was no order by the trial court extending the time beyond the life of the grand jury that was seated at the time of Affiant's arrest or admission to bail. Thus, the trial court never had legal jurisdiction to try Affiant, because the initial indictment is invalid and the judgment of conviction is void as a matter of law.

In this case Exhibits D and E of Carol Edmund's Affidavit, as evidenced by the District Clerk's certification,

is the second "reindictment" presented to the trial court. However, on the face of these two documents it is evident that the exceptions pursuant to Arts: 27.08(2) and (4) and 27.09 (1),(2), and (3) applies in light of the following indisputable facts; Exhibit D, is file date stamped for June 26, 1997, is a copy of a copy of the indictment which was improperly substituted, it has a grand jury foreman's signature, and there is an improper amendment of the enhancement paragraph below the conclusion of the body of the indictment. It is also purported to be the "Indictment-Original". Exhibit E, is filed date stamped for June 26, 1997, is a copy of what is purported to be the "Defendant's-Copy" of the "Original" Exh. D, does not have a grand jury foreman's signature, has an empty space for the District Clerk's certification as being a true copy of the original indictment, and does not have an enhancement paragraph. Evident by the District Clerk's certification the State purports that the grand jury presented two distinct indictments. Moreover, evidence shows that Exhibit D, is not a copy of the original indictment, copy was improperly substituted for the "lost" original, was forged, and improperly amended to include an enhancement paragraph. Evenmore, Exhibit E, is not a copy of the purported original Exhibit D, because it is a copy of a "carboncoated" copy and is distinct from the purported original. If Exh. E was in fact a true and correct copy of Exh. D, the foreman's signature would have been copied on to Exh. E when he

29.

signed Exh.D because of the carbon coating. Therefore the purported Indictment-Original [Exh. D] appears to have been forged which invalidates the indictments. See Paxton, 730 S.W.2d 824; Stigers, 702 S.W.2d 301 (Tex. App. [1st Dist] Houston 1985); and Hollingsworth, 87 Tex. Cr. R. 248, 221 S.W. 978 (1920). Furthermore, where Exh. E does not have an enhancement paragraph evidences improper amendment of Exh.D which invalidates the indictments. See Dunn, 646 S.W.2d 576 (Tex. App. Amarillo-1983). Finally, where the "Original" copies of Exhibits D and E are improperly substituted the indictments are not valid. See Carrillo, 962 S.W. 2d 719 (Tex. App. - Houston [14 Dist] 1998).

## Conclusion

It is well established in the Fifth Circuit Court of Appeals that when it is shown that the indictment is so defective that the convicting court had no jurisdiction federal relief is warranted. See Branch v. Estelle, 631 F.2d 1229 (5th Cir. 1980); Meyer v. Estelle, 621 F.2d 769 (5th Cir. 1980); Murphy v. Beto, 416 F.2d 98 (5th Cir. 1969); and Bueno v. Beto, 458 F.2d 457 (5th Cir. 1972). Affiant has a fundamental right guaranteed by Art. I § 10 of the Texas Constitution to a grand Jury indictment. See King v. State, 473 S.W. 2d 43, 47-49 (Tex. Cr. App. 1971). Moreover, it is required that a "valid indictment" filed in the trial court to vest it with jurisdiction and provide notice to Affiant. See Cook, 902 S.W.

30.

2d at 478; see also <u>Dendy v. Wilson</u>, 142 Tex. 460, 179 S.W. 2d 269 (1944). A valid indictment is essential for Jurisdiction and notice which is not subject to waiver. See <u>Cook</u>, 902 S.W. 2d 471 (Tex. Cr. App. 1995). Under Texas Law, a Judgment is void when it is shown the trial court had no Jurisdiction or capacity to act as a court. See <u>Matter of Gober</u>, 100 F.3d 1195 (C.A. 5 Tex. 1995). Moreover, Jurisdiction is a power that exist by operation of law only, and can not be conferred upon any court by consent or waiver, and a Judgment such as the conviction in this case is not final. See <u>Dubai Petroleum Co. v. Kazi</u>, 12 S.W. 3d 71 (Tex. 2000). Even more, where the court lacked Jurisdiction the Judgment in this case is not binding. See <u>CSR Ltd. v. Link</u>, 925 S.W. 2d 591 (Tex. 1996). In this case Affiant has presented a preponderance of evidence, in <u>Exhibit No. 1</u> [Carol Edmunds Affidavit] and Exhibits A, B, C, D, E, and F attached, which shows the indictments on file with the District Clerk are invalid as a matter of fact and law. It is the process which generated the charging instrument that violated the prescribed legislative procedural directives, namely; Arts. 20.16, 20.19, 20.20, 20.21, 20.22, 21.02, 21.25, 25.01, 25.02, 27.08, 27.09, 28.10, 28.11, and 32.01 of the Tex. Cod. Crim. Proc., which are statutory procedural safe guards that serve to protect Affiant's constitutional rights, whereby the failure to adhere to these safe guards cause Affiant to be held to answer to

31.

a felony offense by a court without jurisdiction because the indictment is not valid. See Exparte Long, 910 S.W.2d 485, 486 (Tex. Crim. App. 1995); Exparte Tovar, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995). Where the evidence shows as a matter of fact the indictments are not signed by the foreman of the grand Jury, does not conclude with, "Against The Peace and Dignity of The State," the Originals were not properly substituted, they were improperly amended, signatures were forged, each grand Jury process produced two (2) or more indictments, no evidence to support the need for more than one indictment or additional pages, and the absence of the District Clerk's certification, under Texas law renders the charging instrument invalid and the conviction void because it vitiates the trial courts jurisdiction in violation of Affiant's Sixth and Fourteenth Amendment rights to a fair trial, due process, and the equal protection of the law.

## Prayer For Relief

Now Comes, Louis D. Talbert, TDCJ-ID No. 805926, the Affiant/Applicant/Petitioner, pro se and petitions the Texas Court of Criminal Appeals pursuant to the fundamental rights guaranteed by Art. I §10 of the Texas Constitution, and the Sixth and Fourteenth Amend-

32.

ments of the U.S. Constitutional rights to a fair trial, due process, and equal protection of the law. Whereby, All Premises Considered, within the facts of this case and the applicable law, Affiant Prays the Court of Criminal Appeals, Grant all things, the Relief herein requested pursuant to the indisputable facts and the applicable law. It is hereby Requested that this Court Grant Applicant's Motion Requesting Judicial Notice pursuant to Rules 201 (b)(1)(2), (c)(2), and (e) and 204(b)(2), and (c)(2). It is further requested this Court notify Applicant at the time it takes Notice in order to preserve his right to be heard. Applicant prays the Court Grant his Preposed Designation of Issues to be Resolved consistent with a hearing requiring the State to prove it had jurisdiction on record and all facts related to the jurisdiction asserted pursuant to the Supreme Court's mandate in <u>Maine v. Thiboutot</u>, 100 S.Ct. 2502 (1980); and <u>Hagan v. Lavine</u>, 415 U.S. 533; and <u>Thompson v. Keohane</u>, 116 S.Ct. 457, 462 (1995), and pursuant to Art. 11.07, Sec. 3(b), (c), (d), Sec. 5, 6, and 7 of the Tex. Cod. Crim. Proc. Applicant prays the Court, in making its Findings of Facts and Conclusions of Law to identify discrete factual findings which resolve all conflicts in testimony, the evidence submitted in comparison to the evidence in the District Clerk's Original File, and the applicable law for a determination which gives the Court of Criminal Appeals guidance for reconstructing the underlying factual

33.

basis of the process that generated the charging instrument consistent with a search for truth. Finally, Applicant request the Court to Issue an Order Vacating the Judgment and Sentence because the evidence shows as a matter of fact and law the trial court does not have jurisdiction in the light of an invalid indictment and renders the conviction void. Therefore, Applicant Prays the Court of Criminal Appeals to note the error and discharge Applicant pursuant to Arts. 11.40 and 11.42, and 11.44 of the Tex. Cod. Crim. Proc., because the relief requested is mandatory. See Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994); also 302 F.3d 524 (5th Cir).

## Affiant's Unsworn Declaration

I, Louis O. Talbert, TDCJ-ID No. 805926, the Applicant in the above-entitled cause, a prisoner in the Texas Department of Criminal Justice - Institutional Division, Wynne Unit, Huntsville, Texas, 77349, Walker County, hereby declare under penalty of perjury that the facts and evidence submitted his Subsequent Writ of Habeas Corpus and this, Affiants/Applicants Affidavit and Memorandum of Authorities in support is true and correct according to the documents on file with the District Clerk of Brazos County. More over, Applicant certifies under penalty of perjury the

34.

Application for Habeas Corpus, pages 1 thru 18, Exhibit No. 1 [ Carol Edmunds' Affidavit with Exh. A, B, C, D, E, F, and G attached ], and Applicant's Affidavit of Truth And Memorandum of Authorities In Support of His 11.07 § 4 (a) (1), (2) (c) Subsequent Writ of Habeas Corpus, pages 1-36, was hand delivered to the Brazos County District Clerk's Office at 300 E. 26th St., Bryan, Texas 77803, along with Applicant's Motion Requesting Judicial Notice, Motion for Bench Warrant, Proposed Designation of Issues to Be Resolved, and Proposed Finding of Facts and Conclusions of Law, to be filed by Carol A. Edmunds on this 31st day of May, 2016 and the below signature certifies the same.

_____
Louis O. Talbert


## Carol Edmunds' Statement Of Filing

I, Carol A. Edmunds certify by the below signature that I hand delivered the above-documents as named by the Applicant to the Brazos County District Clerk's Office for filing on this 31st day of May, 2016.

Executed on this 31st day of May, 2016.

_____
16802 Dunbar Grove Ct.
Sugar Land, Tx. 77498

35.

cc: File

Louis D. Talbert
No. 805926
Wynne Unit
810 FM 2821
Huntsville, Tx 77349

36.

In The Texas Court Of Criminal Appeals
At Austin Texas

Exparte                           §
Louis D. Talbert,                 §
No. 805926,                       §        Cause No. 24,900-85
                    Applicant,    §        In The 85th Judicial
                                  §        District Court of
V.                                §        Brazos County, Texas
                                  §
William Stephens,                 §
Director of TDCJ-ID,              §
                    Respondent.   §
                                  §

Applicant's Motion Requesting Judicial Notice
And Opportunity To Be Heard And Notice

Before The Honorable Court of Criminal Appeals:

Comes Now, Louis D. Talbert, No. 805926, hereafter the Applicant, Pro se and files his Motion Requesting Judicial Notice pursuant to Rules 201(b)(1)(2),(c)(2), and (e) and 204(b)(2),and (c)(2). Moreover, Applicant expressly Request Notice at the time the Court takes Judicial notice under either of the above Rules (201 or

1.

204) of the Texas Rules of Evidence in order to preserve his, Applicant's right to be heard. In support Applicant will show the following:

## I.

Notice Pursuant Rule 201(b)(1)(2), (c)(2), and (e) of the Tex. R. Evid.:

The facts manifest within the contents of Applicant's Exhibit No. 1 [Carol Edmunds Affidavit with attached Exhs. A, B, C, D, E, F, and G] is not subject to reasonable dispute, are generally known within the District Clerk's Original File which is within the Court's territorial jurisdiction, and this Court has been supplied with the evidence. Moreover, the accuracy of this evidence can not be reasonably questioned. Therefore, Applicant request the Court to take judicial notice of the folling facts:

1. That Exhibits B, C, D, E, and G all bear the certification stamp of the Brazos County District Clerk, Marc Hamlin and signed by Kayla Brinkman;

2. That Exhibits A, B, C, and F all bear the same signature of the Deputy Clerk who filed and dated the documents;

2.

3. That Exhibits A, B, C, D, E, and F all have the same Defendant with the same identifying characteristics of race, sex, age, date of birth, hieght, wieght, hair and eye color, the same Warrant CID Number, DA Complaint Number, Book Number, Main Off Number, Cause Number, and the same contents within the body of the charge; and the same offense date;

4. Page 1 of Exhibit F, does not state the "term" of the grand jury, does not conclude with the phrase "Against The Peace And Dignity of The State", does not have a grand jury foreman signature, does not have an enhancement paragraph, does not have a space or section for the District Court's certification, and appears to have been altered in comparison to page 2 of Exhibit F;

5. Page 2 of Exhibit F, does not state the "term" of the grand jury, does not contain the last line of Count two, does not contain Count three, does not have a grand jury foreman's signature, does not have an enhancement paragraph, does not contain a section for the District Clerk's certification, and appears to have been altered in comparison to page 1 of Exhibit F;

3.

6. That page 1 of Exhibit A and Exhibit C are the exact same documents, having the same file date stamp and identical signature of the Deputy Clerk, they do not conclude with the phrase, "Against The Peace and Dignity of The State", they do not have a grand Jury Foreman's signature, and they are not certified by the District Clerk;

7. That page 2 of Exhibit A and Exhibit B are the exact same documents, having the same file date stamps of April 10th and April 24 of 1997 with identical signatures of the Deputy Clerk, and are purported to be Reindictments;

8. That page 1 of Exhibit A is distinctly different in appearance and appears to be a document independent of page 2, because the pattern of the Deputy Clerk's signature on the April 10th file date stamp is not the same although it appears to be the same person, page 1 does not have a April 24th file date stamp and page 2 has one, page 1 has all three Counts and page 2 does Not, page 1 has an enhancement covering the area where the foreman's signature should be and page 2 has a signature but no enhancement, page 1 does not end with the phrase, "Against The Peace And Dignity of The State", but page 2 does, and page 1 has a

4.

section for the District Clerk's certification and page 2 does not; page 1 of Exhibit A has been altered to include the enhancement paragraph and page 2 appears to have been added to include the conclusional phrase and the foreman's signature by using a different indictment;

9. That Exhibit B does not conclude with the phrase, "Against The Peace And Dignity Of The State", does not have the grand jury foreman's signature, and does not have a section for the District Clerk's certification;

10. That Exhibit C does not conclude with the phrase "Against The Peace And Dignity Of The State", does not have the grand jury foreman's signature, and is not certified by the District Clerk;

11. That Exhibits A, B, and C are purported to be the initial reindictments of Applicant;

12. That Exhibits D and E are purported to be the second reindictment of Applicant both having the same signature of the Deputy Clerk and file date stamp of June 26, 1997 with one purported to be the "Indictment-Original" and the other is pur-

5.

ported to be the "Indictment-Defendant's Copy; and

13. Although the District Clerk's certification stamp purports Exhibits D and E to be one and the same indictment they bear distinct characteristics showing they are two different documents because Exhibit D has a grand jury foreman's signature that does not show up on the carbon coated Exhibit E and Exhibit D has been altered to include the remainder of the Third Count and an enhancement paragraph which appears to have been placed over the section for the District Clerk's certification, but Exhibit E does not have the remainder of Count three nor an enhancement paragraph. Exhibit E, has a section for the District Clerk's certification which is blank. Exhibit E also appears to be the copy of an "original" document and Exhibit D does not appear to be the copy of an original document.

Applicant request an opportunity to be heard via a hearing pursuant to Rule 201(e) of the Tex. R. Evid on the fitness, correctness, and details or rules of judicial notice allowing Applicant to compare the indictments within the District Clerk's Original File with those submitted, and to examine witnesses having knowledge of the filing of the indictments and the Original File.

6.

## II.

Notice pursuant to Rule 204 (b)(2) and (c)(2) of the Tex. R. Evid.

The Texas Constitution, Texas Code of Criminal Procedure, Texas Rules of Evidence, Texas Court of Criminal Appeals' Decisions, and Appellate Court Decisions by Texas Lower Courts of Appeals are ordinances, statutes, and laws decreed by the Texas Legislature and Municipalities, Government Departments, and Agencies of the Texas State Goverment and are subject to Judicial Notice and the following information has been supplied to the above facts and set forth in Applicant's Affidavit of Truth and Memorandum of Authorities in Support of His Subsequent Writ of Habeas Corpus:

1. That the Texas Constitution, Article I, Section 10 guarantees a criminal defendant the right to be charged and notified by a valid grand jury indictment as mandate by the Texas Court Of Criminal Appeals in <u>King v. State</u>, 473 S.W.2d 43, 47-49 (Tex. Cr. App. 1971);

2. That Art. V, Section 12(b) of the Texas Constitution does not dispense with the necessity of filing a "valid" grand jury indictment as set

7.

forth in <u>Dendy v. Wilson</u>, 142 Tex. 460, 179 S.W. 2d 269 (1944); also <u>Cook</u> 902 S.W. 2d at 478;

3. That a court's failure to adhere to the legislative procedural directives as set forth in Articles 20.16, 20.19, 20.20, 20.22, 21.02, 21.25, 25.01, 25.02, 27.08, 27.09, 28.10, 28.11, and 32.01, violates statutory procedures that serve to protect the constitutional right to a valid grand jury indictment and therefore denies Applicant the right guaranteed by Art I § 10 of the Tex. Const., as mandated in <u>Ex part Long</u>, 910 S.W. 2d 485, 486 (Tex. Crim. App. 1995), and <u>Ex parte Tovar</u>, 901 S.W. 2d 484, 486 (Tex. Crim. App. 1995);

4. That the absence of the grand jury foreman's signature, absence of the phrase, "Against The Peace and Dignity of the State, improper substitution of the Original Indictments, improper Amendments, forged grand jury foreman signatures, different indictment presented simultaneously, and the absence of the District Clerk's certification that the indictment is a product of the grand jury are fundamental defects that raises the exceptions of Art. 27.08 and 27.09 of the Tex. Cod. Crim. Proc. within the process that generated the charging instrument which vitiates the indictment, vitiates trial court

8.

jurisdiction, and is not subject to waiver, as held in <u>Aguilar v. State</u>, 810 S.W.2d at 231-32 (Tex. App.-El Paso 1991);

5. Articles 20.20, 20.21, 20.22, and 21.02 (3), (6), (8), and (9) of the Tex. Cod. Crim. Proc. are legislative directives which are designed to protect Applicant against arbitrary prosecution and to ensure Applicant is tried only by true bills, and that the indictment presented is the one voted on and returned by the grand jury as mandated in <u>Hawkins v. State</u> 792 S.W.2d 491 (Tex. 1990); and <u>Stiger v. State</u>, 702 S.W.2d 301 (Tex. 1985);

6. That Articles 28.10 and 28.11 of the Tex. Cod. Crim. Proc. requires the State to file a Motion Requesting Leave to Amend the Pleadings and the Court to make a ruling on the minutes of the record which is a State Constitutional requirement which guarantees Applicant's right to be informed of the nature and cause of the accusation and failure to adhere to this statutory procedural protection denies Applicant the right to be informed by a grand jury indictment as held in <u>Ward</u>, 829 S.W.2d at 793; <u>Rent v. State</u>, 838 S.W.2d 548, 551 (Tex. Crim. App. 1992); and <u>Miller v. State</u>, 909 S.W.2d 586 (Tex. App. -

9.

Austin 1995);

7. That Article 21.25 of the Tex. Cod. Crim. Proc. requires the State to substitute the Original Indictment with a Copy of a Duplicate which shows: 1.) the loss of the indictment; 2) an exact or substantial copy; 3) a statement by the attorney that the same is, in substance at least, as lost indictment; and 4) a showing that a judgment of substitution was entered and carried into the minutes of the court and failure to adhere to this legislative directives denies Applicant the protection guaranteed by Art. I §10 of the Tex. Const. to a grand jury indictment as held in Carrillo v. State, 962 S.W. 2d 719 (Tex. App.- Houston [14 Dist] 1998); Cook, 902 S.W. 2d at 475; Hollingsworth v. State, 87 Tex. Crim. 399, 221 S.W. 978, 980 (Tex. Crim. App. 1920); and White v. State, 72 Tex. Crim. 16, 160 S.W. 703 (Tex. Crim. App. 1913);

8. When the State fails to secure the filing of a valid indictment in the trial court the court errs in proceeding to trial for lack of jurisdiction and the judgment is void. Applicant has no duty to complain about the defects, and the error is not harmless as held in Cook, 902 S.W. at 480; and

10.

Carrillo v. State, 462 S.W.2d 714;

9. The requisites of a valid indictment include the signature of the grand jury foreman and the failure to adhere to this statutory procedure denied Applicant the protection prescribed in Articles 20.20, 20.21, and 21.02(8) which ensures the indictment presented was in fact the one returned by the grand jury as held in Paxton v. State, 730 S.W.2d 829; and Stigers, 702 S.W.2d 301 (Tex. App. [1st Dist] Houston 1985);

10. A wholly forged indictment does not confer jurisdiction to the court and the conviction is void as held in Hollingsworth, 87 Tex. Cr. R. 248, 221 S.W. 978 (1920); King, 473 S.W.2d 43, 48 Note 11, 52 (Tex Crim. App. 1971); and Hamilton v. McCotter, 772 F.2d 171 (5th Cir. 1985);

11. That Art. V, Section 12 of the Texas Constitution requires all indictments to conclude with the phrase, "Against The Peace And Dignity Of The State", and is a statutory precedure which serves to ensure Applicant's right to a grand jury indictment and failure to adhere to the legislative directive of Art. 21.02(9) of the Tex. Cod. Crim. Proc. denies

11.

Applicant protection against arbitrary prosecutions. Therefore, an indictment without the conclusional phrase is invalid and the conviction is void. Dunn v. State, 646 S.W. 2d 576 (Tex. App. Amarillo 1983); Reese v. State, 139 Tex. Crim. 593, 141 S.W. 2d 949 (1940); Herring v. State, 160 Tex. Crim. 597, 273 S.W. 2d 421 (1954); American Plant Food Corp v. State, 508 S.W. 2d 598 (Tex. Crim. App. 1975); and Sheeky v. State, 530 S.W. 2d 108 (Tex. Crim. App. 1975);

12. That Texas law provides that habeas corpus is an appropriate remedy to attack a void judgment or sentence and once State jurisdiction has been challenged, it must be proven, and can be challenged at any time. Maine v. Thibautot, 100 S.Ct. 2502 (1980); Ex parte Seidel, 39 S.W. 3d 221, 224-25 N.4 (Tex. Crim. App. 2001); Ex parte Beck, 922 S.W. 2d 181 (Tex. Crim. App. 1996); Heath v. State, 817 S.W. 2d at 336 (Tex. Crim. App. 1991); and Ex parte McIver, 586 S.W. 2d 851 (Tex. Crim. App. 1979);

13. That under Texas law a judgment is void when it is shown the trial court had no jurisdiction over Applicant to enter judgment, or capacity to act as a court as held in Matter of Gober, 100 F.3d 1195 (C.A.5 Tex. 1995);

12.

14. That jurisdiction is a power that exist by operation of law only, and can not be conferred upon any court by consent or waiver, and thus, a judgment will never be considered final if the court lacked jurisdiction as held in _Dubai Petroleum Co. v. Kazi_, 12 S.W.3d 71 (Tex. 2000); and

15. A court must possess both subject matter jurisdiction and personal jurisdiction over a party to issue a binding judgment as held in _CSR v. Link_, 925 S.W.2d 591 (Tex. 1996); also

16. That when a court commence prosecution in violation of Art. 32.01, in the absence of a valid indictment the prosecution is arbitrary in violate of Applicant's rights guaranteed by Art I § 10 and Art V § 12 of the Tex. Const., and his Sixth and Fourteenth Amendment rights to a fair trial, due process, and equal protection of the law.

Applicant request an opportunity to be heard via a hearing pursuant to Rule 204 (c)(2) of the Tex. R. Evid. on the propriety of taking judicial notice and the nature of matter to be noticed. Also that the Court prompty notify Applicant at the time Judicial notice is taken in order to preserve his right to be heard.

13.

Wherefore, all things considered, Applicant, Pray the Court of Criminal Appeals to Grant this Motion Requesting Judicial Notice pursuant to Rules 201(b)(1)(a), (c) (2), and (e) and 204 (b)(2) and (c)(2), and Grant Applicant an Opportunity to be Heard. It is so prayed.

Respectfully Requested,

Louis D. Talbert
No. 805926
Wynne Unit
810 FM 2821
Huntsville, Tx. 77349

cc: File

Unsworn Declaration

The below signature certifies under penalty of perjury that this Motion Requesting Judicial Notice, pages 1-16, has been file with his Subsequent Writ of Habeas Corpus by it being hand delivered by Carol A. Edmunds, to the Brazos County District Clerk's Office at 300 E. 26th St., Bryan, Tx. 77803 on this 31st day of May, 2016.

Executed on this 31st day of May, 2016.

14.

Louis D. Talbert
No. 805926

## Corol Edmunds' Statement Of Filing

I, Carol A. Edmunds certify under penalty of perjury that I hand delivered Applicant's Motion Requesting Judicial Notice with his Subsequent Writ of Habeas Corpus Application and Affidavit of Truth and Memorandum of Authorities, to the Brazos County District Clerk's Office at 300 E. 26th St., Bryon, Tx. 77803 on this 31st day of May, 2016.

Carol A. Edmunds

CC: File

## Order On Applicant's Motion Requesting Judicial Notice And Opportunity To Be Heard And Notice

On this ___ day of _____ came to be heard Applicant's Motion Requesting Judicial Notice, and after due consideration of Applicant's

15.

preponderance of evidence, namely; Exhibit No. 1, [ Carol Edmunds' Affidavit with attached Exhibits A, B, C, D, E, F, and G], and the applicable laws including the Texas Constitution; public statutes; rules; regulations; ordinances; court decisions; and common laws, it is

Ordered that Applicant's Request for Judicial Notice and Opportunity to be Heard is (Granted / Denied), and that said cause is set for hearing on the ____ day of _____. It is further Ordered that the Court Clerk is to notify said Applicant regarding the Taking of Judicial Notice and the hearing. The Clerk is Ordered to make the necessary arrangements with the Texas Department of Criminal Justice - Institutional Division to ensure Applicant's attendance at the hearing.

_____
Presiding Judge

16

In The Texas Court Of Criminal Appeals
At Austin Texas

§

Exparte
Louis D. Talbert,
No. 805926,

§

§

Applicant,

§ Cause No. 24,900-85
§ In The 85th Judicial
§ District Court Of
§ Brazos County, Texas

V.

§

William Stevens,
Director of TDCJ-ID,

§

Respondent.

§

Applicant's Preposed Designation Of Issues
To Be Resolved

Before The Honorable Court Of Criminal Appeals:

Comes Now, Louis D. Talbert, No. 805926, the Applicant in the above-styled and numbered cause and files this, Pro se, Preposed Designation of Issues to be Resolved. In support of this Motion Applicant will show the following in support:

I.

Applicant has filed a Motion Requesting Judicial

1.

Notice of facts and Texas law relevant to the question of the trial courts jurisdiction in this case. Moreover, Applicant has supplied the court with certified copies of indictments from the District Clerk's Original File which show on their face the court does not have jurisdiction and raises questions of validity as to whether they were actually presented by a grand jury. Therefore in the courts presentment of proof of the trial courts jurisdiction over Applicant and the subjectmatter being by operation of law pursuant to the mandate of the United States Supreme Court in Maine v. Thiboutot, 100 S.Ct. 2502 (1980). Wherefore, in proving the trial courts jurisdiction against the preponderance of evidence submitted by Applicant that emphatically supports the invalidity of the charging instruments on file with the District Clerk. Applicant prepose the following controverted is to be resolved:

1. Whether the "original" indictments purported to have been presented by the grand jury and filed by the District Clerk on January 9, 1997; April 10, 1997; and June 26, 1997, are actually on file in the District Clerk's Original File;

2. Whether the grand jury actually returned a true bill indictment at any term for the time between

2.

Applicant's arrest on November 13, 1996 and June 26, 1997;

3. Whether the grand jury actually returned two (2) different indictments simultaneously or with additional pages at any term for the time between Applicant's arrest on November 13, 1996 and June 26, 1997;

4. Whether the signatures on any of the indictments in the District Clerk's Original File belong to the actual grand jury foreman(s) for the April term of 1997;

5. Whether two different grand juries returned indictments during the April term in this case;

6. Whether the grand jury customarily uses a standardized carbon coated form for the grand jury process in Brazos County;

7. Whether any of the "original" indictments purported to have been returned by the grand jury include an enhancement paragraph;

8. Whether proper Motion to Substitute the Original

3.

Indictment with a Copy pursuant to Art. 21.25 of the Tex. Cod. Crim. Proc. is on file in the District Clerk's Original File;

9. Whether a Judgment of substitution pursuant to Art. 21.25 of the Tex. Cod. Crim. Proc. was entered and carried on into the minutes of the court;

10. Whether proper Motion to Amend the Indictments pursuant to Arts. 28.10 and 28.11, are in the District Clerk's Original File, of the Tex. Cod. Crim. Proc.;

11. Whether any alterations of the indictments filed by the District Clerk's Office on January 9, 1997; April 10, 1997; and June 26, 1997 made pursuant to Art. 28.11 of the Tex. Cod. Crim. Proc.; and

12. Whether upon examination of all the above inquiries and the applicable laws of the State of Texas and the U.S. Constitution, the indictments vest the trial court with jurisdiction or not.

Wherefore, all premises considered, Applicant, Pray the Court of Criminal Appeals to Adopt the entirety of his Proposed Designation of Issues To Be Resolved into its Designation of Issues to ensure the integrity of the exami-

4.

nation of the evidence consistent with Applicant's right to be heard and the fairness of the habeas proceeding.

Respectfully Requested,

cc: File

Louis D. Talbert
No. 805926
Wynne Unit
810 FM 2821
Huntsville, Tx. 77349

Unsworn Declaration

The below signature certifies under penalty of perjury that this Applicant's Preposed Designation of Issues, pages 1-7, has been filed with his Subsequent Writ of Habeas Corpus by being hand delivered by Carol A. Edmunds, to the Brazor County District Clerk's Office at 300 E. 26th St., Bryan, Tx. 77803 on this 31st day of May, 2016.

Louis D. Talbert
No. 805926

5.

## Carol Edmunds' Statement Of Filing

I, Carol A. Edmunds certify under penalty of perjury that I hand delivered 'Applicant's Preposed Designation of Issues with his Subsequent Writ of Habeas Corpus Application and Affidavit of Truth and Memorandum of Authorities, to the Brazos County District Clerk's Office at 300 E. 26th St., Bryan, Texas 77803 on this 31st day of May, 2016.

cc: File

_Carol A Edmunds_
Carol A. Edmunds

## Order On Applicant's Preposed Designation Of Issues To Be Resolved

On this ____ day of _____, came to be heard Applicant's Preposed Designation of Issues and after due consideration of the same it is Ordered, that Applicant's Request for this Court to Adopt said controverted issue is (Granted/Denied), and that said cause is set for hearing on the ____ day of _____.

It is further Ordered that the Clerk of the Court is to Notify the Applicant regarding the hearing and

6.

make the necessary arrangements with the Texas Department of Criminal Justice – Institutional Division for Applicant's attendance.

_____
Presiding Judge

7.

In The Texas Court Of Criminal Appeals
At Austin Texas

§

Exparte
Louis D. Talbert,
No. 805926,

§
§
§ Cause No. 24,900-85
Applicant,     § In the 85th Judicial
§ District Court Of
§ Brazos County, Texas
§

V.

§

William Stephens,
Director of TDCJ-ID,
            Respondent.

§
§
§

Applicant's Motion For Bench Warrant
And Order

Before The Court Of Criminal Appeals:

Comes Now, Louis D. Talbert, No. 805926, the Applicant in the above-entitled and numbered cause and state the following:

"My name is Louis D. Talbert, No. 805926, Applicant. I am above the age of 18 and competent to make this affidavit. I am currently incarcerated

1.

in the Texas Department of Criminal Justice – Institutional Division at the Wynne Unit, in Walker County, and I am Requesting this Court to issue a Warrant from the Bench ordering the Sheriff of Brazos County, Texas to transport Applicant to the 85th District Court of Brazos County, Texas in Bryan, Texas for the hearing in this matter pursuant to Rules 201(b)(1)(2), and (c)(2), and (e), also 204(b)(2) and (c)(2) on which the Applicant has requested Judicial Notice and an opportunity to be heard.

Wherefore, Applicant respectfully Pray that this Court (Grant) this Motion for Bench Warrant and order the Sheriff of Brazos County to transport Applicant for his attendance of the hearing in this cause.

Respectfully Requested,

cc: File

Louis D. Talbert
No. 805926
Wynne Unit
810 FM 2821
Huntsville, Tx. 77349

Unsworn Declaration
2.

The below signature certifies under penalty of perjury that this, Applicant's Motion for Bench Warrant, pages 1-4, has been filed with his Subsequent Writ of Habeas Corpus by being hand delivered by Carol A. Edmunds, to the Brazos County District Clerk's Office at 300 E. 26th St., Bryan, Texas 77803 on this _3st_ day of May, 2016.

cc: File

_____
Louis D. Talbert
No. 805926

## Carol Edmunds' Statement Of Filing

I, Carol A. Edmunds certify under penalty of perjury that I hand delivered Applicant's Motion for Bench Warrant with his Subsequent Writ of Habeas Corpus and Affidavit of Truth and Memorandum of Authorities, to the Brazos County District Clerks Office at 300 E. 26th St., Bryan, Texas 77803 on this _31st_ day of May, 2016.

_____
Carol A. Edmunds

3.

# Order On Motion For Bench Warrant

On this _____ day of _____, came to be heard Applicant's Motion For Bench Warrant and after due consideration of the same, it is Ordered that Applicant's Motion is (Granted/Denied);

It is further Ordered that this cause is set for hearing on the _____ day of _____, and the Clerk of the Court is to Notify the proper authorities within the Texas Department of Criminal Justice - Institutional Division and the Brazos County Sheriff's Dept. to make the Necessary arrangements for Applicant's attendance. The will also Notify Applicant regarding the Bench Warrant to this County for said hearing.

cc: File

_____
Presiding Judge

4.

In The Texas Court Of Criminal Appeals
At Austin Texas

Exparte
Louis D. Talbert,
No. 805926,

&

&

&  Cause No. 24,900-85

Applicant,  &  In The 85th Judicial
&  District Court Of
&  Brazos County, Texas

V.

&

William Stephens,
Director of TDCJ-ID,

&

Respondent.  &

Applicant's Preposed Findings Of Facts And
Conclusions Of Law

Before The Honorable Court of Criminal Appeals:

Comes Now, Louis D. Talbert, No. 805926, the Applicant in the above-entitled and numbered cause and file this, Pro se, Preposed Findings of Facts and Conclusions of Law based on Rules 201 (b)(1)(2),(C)(2), and (e) and 204 (b)(2), and (C)(2), the preponderance of evidence supplied by the Applicant in his Exhibit No. 1, the Court's examina-

1.

tion of the indictments in the District Clerk's Original File and relevant evidence or the lack there of, the record and minutes of the Court on the Substitution of the Original indictments, record on Motions to Amend the indictments, and records regarding the sitting terms of the grand juries and their action relevant to the presentment of the indictments filed in the District Clerk's Office on January 9, 1997; April 10, 1997, and June 26, 1997. Also based on the applicable laws embodied in the Texas Constitution, namely; Arts. I § 10 and Art. V § 12; Texas Court Decisions; Texas Code of Criminal Procedure; Texas Rules of Evidence; and the Sixth and Fourteenth Amendments of the United States Constitution. The Court finds the following:

Findings Of Facts;

1. The indictments attached to Applicant's Exhibit No. 1, namely: Carol Edmunds' Affidavit and the attached Exhibits B, C, D, E, and G, in fact bears the certification stamp of the Brazos County District Clerk, Marc Hamlin and the signature of Kayla Brinkman;

2. That Exhibits A, B, C, and F of the indictments attached to Carol Edmunds' Affidavit bear the same signature of the Deputy Clerk and file date stamp;

2.

3. That Exhibits A, B, C, D, E, and F of the indictments attached to Carol Edmunds' Affidavit bear the name of the same Defendant with the same identifying characteristics of race, sex, age, date of birth, hieght, wieght, hair and eye color, the same Warrant CID number, DA Complaint Number, Book Number, Main Off Number, Cause Number, and the same contents within the body of the charge, and the same offense date;

4. That page 1 of Exhibit F of Carol Edmunds' Affidavit does not state the "term" of the grand jury, does not conclude with the phrase, "Against The Peace And Dignity of The State," does not have a grand jury foreman signature, does not have an enhancement paragraph, does not have a section for the District Clerk's certification, and appears to have been altered in comparison to (page 2) of Exhibit F;

5. That page 2 of Exhibit F of Carol Edmunds' Affidavit does not state the "term" of the grand jury, does not contain the last line of Count two, does not contain Count three, does not contain a grand jury foreman's signature, does not contain an enhancement paragraph, does not contain a section for the District Clerk's certification, and appears to have been altered in comparison to (page 1) of Exhibit F;

3.

6. That Exhibit F of Carol Edmunds' Affidavit is the exact same indictment in the District Clerk's Original File purported to have been filed on January 9, 1997;

7. That page 1 of Exhibit A and Exhibit C of Carol Edmunds' Affidavit are the exact same documents, having the same file date stamp and identical signature of the Deputy Clerk, they do not conclude with the phrase, "Against The Peace And Dignity Of The State," they do not have a grand jury foreman's signature, and they are not certified by the District Clerk;

8. That page 2 of Exhibit A and Exhibit B are the exact same documents, having the same file date stamps of April 10, 1997 and April 24, 1997, and identical signature of the Deputy Clerk and purported to be reindictments;

9. That page 1 of Exhibit A is distinctly different in appearance and appears to be an indictment independent of page 2 of Exhibit A of Carol Edmunds' Affidavit, because the signatures on the April 10th file date stamp has two distinct patterns although signed by the same person. Specifically page 2's signature is identical to Exhibit B. Page 1 (one) does not have the April 24, file date stamp on it, but page 2 does, page 1 has all three counts and page 2 does

4.

not, page 1 has an enhancement paragraph covering the area where the foreman's signature should be, but page 2 has a signature and no enhancement, page 1 does not end with the phrase, "Against The Peace And Dignity of The State," but page 2 does, page 1 has a section for the District Clerk's certification, but page 2 does not, page 1 has been altered to include the enhancement paragraph, and page 2 appears to have been added for the sole purpose of including the conclusional phrase and the foreman's signature by using a different indictment;

10. That Exhibit B of Carol Edmunds' Affidavit does not conclude with the phrase, "Against The Peace And Dignity of The State," does not have a grand jury foreman's signature, and does not have a section for the District Clerk's certification;

11. That Exhibit C of Carol Edmunds' Affidavit does not conclude with the phrase, "Against The Peace And Dignity of The State," does not have a grand jury foreman's signature, and is not certified by the District Clerk;

12. That Exhibits A, B, and C of Carol Edmunds' Affidavit are the same indictments purported to be

5.

reindictments filed by the Deputy Clerk on April 10, 1997 which are in the District Clerk's Original File;

13. That Exhibits D and E of Carol Edmunds' Affidavit are purported to be the second reindictment of Applicant both having the same file date stamp and signature of the Deputy Clerk date June 26, 1997 with Exhibit D purported to be the "Indictment Original" and Exhibit E is purported to be the "Indictment-Defendant's Copy;"

14. That Exhibits D and E of Carol Edmunds' Affidavit show they are to distinct and seperate indictments having characteristics independent of the other, because Exhibit D has a grand jury foreman's signature that does not show up on the carbon coated Exhibit E which is purported to be the "Defendants Copy" of the "Original-Indictment" Exhibit D.

15. That Exhibit D of Carol Edmunds' Affidavit show Exhibit D has been altered to include the remainder of the third count and the enhancement paragraph which is placed over the section for the District Clerk's certification, but Exhibit E does not have the remainder of Count three nor the enhance-

6.

ment paragraph. Exhibit E has the appearance of a copy that is a copy of a carbon coated standard form of an "Indictment-Defendant's Copy", but Exhibit D is not the copy of an original standard form;

16. Exhibits D and E of Carol Edmunds' Affidavit are the same indictments purported to be the second reindictment filed by the Deputy Clerk on June 26, 1997, and are in the District Clerk's Original File;

17. All the "Original" indictments filed on January 9, 1997; April 10, 1997; and June 26, 1997 are not found in the District Clerk's Original File and have been improperly substituted; and

18. All the indictments filed on January 9, 1997; April 10, 1997; and June 26, 1997 have been altered in various was which questions the trial courts jurisdiction, because they were improperly amended.

Conclusions of Law;

1. Art. I, Section 10 and Art. V, Section 12 of the

7.

Texas Constitution guartees the Applicant the right to be charged by a "valid" indictment presented by a lawful grand jury. King v. State, 473 S.W. 2d 43, 47-49 (Tex. Cr. App. 1971); and Dendy v. Wilson, 142 Tex. 460, 179 S.W. 2d 269 (1944); and Cook, 902 S.W. 2d at 478;

2. The process which generated the charging instrument in this case did not afford the Applicant the protections guaranteed by the Texas Constitution to be charged by a grand jury indictment by failing to adhere to statutory procedures of Arts. 20.16, 20.19, 20.20, 20.22, 21.02, 21.25, 25.01, 25.02, 27.08, 27.09, 28.10, 28.11, and 32.01, whereby the indictment produced was invalid and did not vest the trial court with jurisdiction over Applicant. Ex parte Long, 910 S.W. 2d 485, 486 (Tex. Crim. App. 1995); and Ex parte Tovar, 901 S.W. 2d 484, 486 (Tex. Crim. App. 1995);

3. The absence of a Motion For Leave to Amend the Indictment filed with the District Clerk on January 9, 1997, and the alterations made without the direction of the court violated Art. 28.10 and 28.11 of the Tex. Cod. Crim. Proc. which subjected the Applicant to arbitrary prosecution, whereby the trial court did not have jurisdiction and the conviction is

8.

void. Ward, 829 S.W.2d at 793; Rent v. State, 838 S.W.2d 548, 551 (Tex. Crim. App. 1992); and Miller v. State, 909 S.W.2d 586 (Tex. App.–Austin 1995);

4. Where the indictment filed with the District Clerk on April 10, 1997 does not conclude with the mandatory conclusional phrase pursuant to Art. 21.02 of the Tex. Cod. Crim. Proc. and Art. V § 12 of the Tex. Const. and was improperly amended to include the phrase, "Against The Peace And Dignity of The State", and without the grand jury foreman's signature or an enhancement paragraph vitiates the trial courts jurisdiction rendering the conviction void. Dunn v. State, 646 S.W.2d 576 (Tex. App. Amarillo – 1983); Reese v. State, 139 Tex. Crim. 593, 141 S.W.2d 949 (1940); Herring v. State, 160 Tex. Crim. 597, 273 S.W.2d 421 (1954); American Plant Food Corp v. State, 508 S.W.2d 598 (Tex. Crim. App. 1975); and Sheeky v. State, 530 S.W.2d 108 (Tex. Crim. App. 1975);

5. Where the State failed to present a "valid" indictment within the requirements of Art. 32.01, but proceeded to prosecute the Applicant the State's actions were arbitrary and without authority of law in violation of Applicant's rights to be

9.

held only by presentment of a grand jury indictment in violation of his rights guaranteed by the Tex. Const. Art. I § 10 and Art. V § 12, and his Sixth and Fourteenth Amendment rights to a fair trial, due process, and the equal protection of the law;

6. The State failed to file a Motion to Substitute the "Original" Indictment with a Copy pursuant to Art. 21.25 of the Tex. Cod. Crim. Proc. violated Applicant's right to a "valid" grand jury indictment and failed to protect him from arbitrary prosection whereby the indictment filed with the District Clerks Office on January 9, 1997, are invalid which vitiates the trial courts jurisdiction rendering the conviction void, because it violates Art. I § 10 of the Tex. Const., and the Sixth and Fourteenth Amendment rights to a fair trial, due process, and the equal protection of the law. Carrillo v. State, 962 S.W. 2d 719 (Tex. App. - Houston [14 Dist.] 1998); Cook, 902 S.W. 2d at 475; Hollingsworth v. State, 87 Tex. Crim. 399, 221 S.W. 978, 980 (Tex. Crim. App. 1920); and White v. State, 72 Tex. Crim. 16, 160 S.W. 703 (Tex. Crim. App. 1913);

7. The State failed to adhere to Arts. 20.20, 20.21, and 20.02 (8), which deprived Applicant the protection against arbitrary prosecution which serves to

10.

ensure the indictment presented was in fact presented by the grand jury and the absence of the grand jury foreman's signature violates Applicant's rights guaranteed by Art. I §10 of the Tex. Const. Paxton v. State, 730 S.W.2d 829; Stigers v. State, 702 S.W.2d 301 (Tex. App. [1st Dist] Houston 1985); and Aguilar v. State, 810 S.W.2d at 231-32 (Tex. App. - El Paso 1991); also Hawkins v. State, 792 S.W.2d 491 (Tex. 1990);

8. The indictments on file with the Brazos County District Clerk in the Original File with the file date stamp for April 10, 1997, are invalid where there are four distinct documents purported to have been presented by the grand jury which questions the trial courts jurisdiction because they have been improperly altered, there is no Motion to Amend, there is no Motion to Substitute the Original with a Copy, the signature has been forged, and do not end with the phrase "Against the Peace and Dignity of the State. Ward, 829 S.W.2d at 793; Miller v State 909 S.W.2d 586 (Tex. App. - Austin 1995); Carrillo v. State, 462 S.W.2d 719 (Tex. App. - Houston [14 Dist] 1998); Cook 902 S.W.2d at 475; Hollingsworth, 87 Tex. Cr. R. 248, 221 S.W. 978 (1920); King, 473 S.W.2d 43, 48 n.11, 52 (Tex. Crim. App. 1971); and Dunn v. State, 646 S.W.2d 576 (Tex. App. Amarillo - 1983); also Reese, 139 Tex. Crim. 593, 141 S.W.

11.

2d 949 (1940);

9. The indictment within the District Clerk's Original File with a file date stamp for June 26, 1997, is invalid where the purported "Original" is a copy and there is no Motion to Substitute the Original with a Copy, has been improperly amended to add an enhancement paragraph, and the grand jury foreman's signature is forged, because the purported "Defendant's" copy, which is carbon coated does not bear the foreman's signature or the enhancement paragraph revealing the section for the District Clerk's certification which is covered up on the purported original. Carrillo v. State, 962 S.W.2d 719 (Tex. App.-Houston [14 Dist] 1998); Cook, 902 S.W.2d at 475; Ward, 829 S.W.2d at 793; Rent v. State, 838 S.W. 2d 548, 551 ( Tex. Crim. App. 1992); Hollingsworth v. State, 87 Tex. Cr. R. 248, 221 S.W. 978 (1920); King, 473 S.W.2d 43, 48 n.11, 52 (Tex. Crim. App. 1971); and Hamilton v. McCotter, 772 F.2d 171 (5th Cir. 1985); and

10. The conviction in this case is void because the Applicant has shown the indictment is not valid and the trial court did not have jurisdiction to act. Matter of Gober, 100 F.3d 1195 (C.A. 5 Tex. 1996); Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000);

12.

and <u>CSR v. Link</u>, 925 S.W. 2d 591 (Tex. 1996).

Wherefore, all things considered, Applicant, Pray the Court of Criminal Appeals to Grant this Preposed Findings of Fact and Conclusions of Law and Adopt it entirely into the Courts factual findings and conclusions of law to ensure the integrity of the resolution to be consistent with the record facts and the law applicable to this case.

cc: File

Respectfully Requested,

Louis D. Talbent
No. 805926
Wynne Unit
810 FM 2821
Huntsville, Tx. 77349

## Unsworn Declaration

The below signature certifies under penalty of perjury that this Applicant's Preposed Findings of Facts and Conclusions of Law, pages 1-15, has been filed with his Subsequent Writ of Habeas Corpus by being hand delivered by Carol A. Edmunds, to the Brazos County District Clerk's Office at 300 E. 26th St., Bryan, Tx. 77803 on this 31st day of May, 2016

13.



Louis D. Talbert
No. 805926

## Carol Edmunds' Statement Of Filing

I, Carol A. Edmunds certify under penalty of perjury that I hand delivered Applicant's Preposed Findings of Facts and Conclusions of Law with his Subsequent Writ of Habeas Corpus Application and Affidavit of Truth and Memorandum of Authorities, to the Brazos County District Clerk's Office at 300 E. 26th St., Bryan, Tx. 77803 on this _31st_ day of May, 2016.

cc: File

Carol A. Edmunds
Carol A. Edmunds

## Order On Applicant's Preposed Findings of Facts And Conclusions of Law

On this _____ day of _____, came to be heard Applicant's Preposed Findings of Facts and Conclusions of Law and after due consideration of the same, it is Ordered, that Applicant's Request for this Court to Adopt his preposed findings of facts and conclusions of law into this Courts own

14.

Findings and applications of law is in all things (Granted / Denied).

It is further Ordered that the Courts Clerk provide Applicant with a copy of this order.

_____
Presiding Judge